EDWARD P. SANGSTER, Bar No. 121041
edward.sangster@klgates.com
JASON N. HAYCOCK, Bar No. 278983
jason.haycock@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

JEFFREY C. JOHNSON, *pro hac vice*
jeff.johnson@klgates.com
PAUL J. BRUENE, *pro hac vice*
paul.bruene@klgates.com
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: + 1 206 623 7580
Facsimile: + 1 206 623 7022

*Attorneys for Defendants Syntronic AB, Syntronic Research and Development USA Inc., and Syntronic (Beijing) Technology R&D Center Co., LTD.*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., *a Delaware Corporation*,<br><br>Plaintiff,<br><br>v.<br><br>SYNTRONIC AB, *a Publikt Aktiebolag*, SYNTRONIC RESEARCH AND DEVELOPMENT USA INC*., a California Corporation*, SYNTRONIC (BEIJING) TECHNOLOGY R&D CENTER CO., LTD*., a Chinese Corporation*,<br><br>Defendants. | Case No. 5:21-cv-3610-SI<br><br>**DEFENDANT SYNTRONIC (BEIJING) TECHNOLOGY R&D CENTER CO., LTD.'S OPPOSITION TO MOTION FOR ALTERNATIVE SERVICE**<br><br>Date:   August 27, 2021<br>Time:   10:00 AM<br>Judge:  Hon. Susan Illston |

## I. INTRODUCTION

This is an action for copyright infringement and breach of "clickwrap" license agreements. Plaintiff Cadence Design Systems, Inc. ("Cadence" or "Plaintiff") has moved the court to authorize it to serve defendant Syntronic (Beijing) Technology R&D Center Co., Ltd. ("Syntronic Beijing") through U.S. counsel at K&L Gates, Edward Sangster and Jason Haycock. The Court should decline to authorize alternative service. Plaintiff's request does not comport with due process because Plaintiff has not attempted service through the Hague Convention. Instead, Plaintiff appears to be arguing in effect that any foreign defendant that contests jurisdiction may automatically be served through an email to domestic counsel without even trying to meet its requirements under Rule 4 of the Federal Rules of Civil Procedure and the Hague Convention. This attempt to dodge the requirements of service of process should not be permitted.

## II. FACTUAL BACKGROUND

Plaintiff filed suit on May 13, 2021, alleging copyright infringement, circumvention of copyright protection, and breach of contract against three defendants: Syntronic AB, Syntronic Research And Development USA Inc. ("Syntronic USA"), and Syntronic Beijing. Dkt. 1. Plaintiff attempted to serve Syntronic Beijing, a Chinese company with no U.S. office, employees, or customers, by serving its sister company Syntronic USA. Dkt. 22-1 at 2. On July 8, 2021, Syntronic Beijing filed a motion to quash service and dismiss the action for lack of personal jurisdiction or, in the alternative, for failure to state a claim. Dkt. 12. Syntronic Beijing pointed out that Plaintiff had not yet filed a proof of service, and that Plaintiff's only purported service, on an affiliated entity that is not authorized to accept service on Syntronic Beijing's behalf, is deficient under the Federal Rules. *Id.* at 6-7.

Rather than oppose Syntronic Beijing's motion to quash, Plaintiff filed the present motion seeking authorization for alternative service. Plaintiff has, to date, not identified any further efforts to effectuate valid service on Syntronic Beijing. *See generally* Dkt. 22-1.

## III. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural

1

DEFENDANT SYNTRONIC (BEIJING) TECHNOLOGY R&D CENTER CO., LTD.'S
OPPOSITION TO MOTION FOR ALTERNATIVE SERVICE; CASE NO. 21-CV-3610-SI

requirement of service of summons must be satisfied." *Omno Cap. Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Fed. R. Civ. P. 4(h)(2) provides for service of corporations in a foreign country "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(c)(i)." Rule 4(f), in turn, provides several means by which a plaintiff may serve an individual "at a place not within any judicial district of the United States." Pursuant to Rule 4(f)(1), a corporation may be served in a foreign country "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). The Rule further provides for service "by any other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. (f)(3).

Rule 4(f)(3) "allows for an alternate means of service as long as it is directed by a court and not prohibited by international agreement." Due process requires that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) ("*Rio* ")(quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### IV.     ARGUMENT

**Alternative Service on Domestic Counsel for Syntronic Beijing Does Not Satisfy Due Process and Plaintiff Must Attempt Service Through the Hague Convention**

Because Syntronic Beijing is a corporation located in China, a signatory to the Hague Convention, Rule 4(f)(1) requires Plaintiff to effectuate service on Syntronic Beijing through the procedures of the Hague Convention. Plaintiff relies on several District Court cases that have permitted alternative service without any attempt, or with limited attempts, by the plaintiffs to comply with Hague Convention. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 536 (N.D. Cal. 2010); *Cheetah Mobile, Inc. v. APUS Group*, 2016 WL 4036098, at *3 (N.D. Cal. July 28, 2016); *In re South African Apartheid Litig.*, 643 F. Supp. 2d 423, 437 (S.D.N.Y. 2009); *Knit With v. Knitting Fever, Inc.*, 2010 WL 4977944 (E.D. Penn. Dec. 7, 2010). These cases are distinguishable on the facts and involve more urgent circumstances than here, plaintiffs who had

exhausted far more attempts at service than here, or both.[1] Plaintiff is correct that this line of cases exists, and indeed this Court has issued at least one decision in which it applied the reasoning of those cases, in an action brought by the same plaintiff's counsel as here. *Updateme Inc. v. Axel Springer SE*, 2018 WL 306682 (N.D. Cal. Jan. 5, 2018).

However, a more recent opinion from this District persuasively argues that the line of cases upon which Cadence relies was wrongly decided and has been based on an overbroad reading of the Ninth Circuit's opinion in *Rio*. In *Facebook, Inc. v. 9 Xiu Network (Shenzehn) Tech. Co., Ltd*, the court explained that because the Hague Service Convention is a binding international treaty, compliance with the Hague Convention is "mandatory" in "all cases to which it applies." 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020) (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) ("[b]y virtue of the Supremacy Clause, U. S. Const., Art. VI, the [Hague Service] Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies.")). Rule 4(f) "gives effect to the Convention," with Subsection 1 "implementing" it, Subsection (2) identifying "methods for serving persons in countries that are not members of the convention," and Subsection (3) "serv[ing] as a safety valve for unanticipated situations, including when an exception to the Convention applies." *Id*. (citing 4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1133 (4th ed. April 2020 update)). Using a "method of service that is not enumerated in the Convention," such as email service, is thus "expressly prohibited" by both the Convention itself and the Rule of Procedure that implements it. *Id.* at 983.

Examining the line of cases broadly interpreting *Rio*, the *Facebook* court notes that they are based, "implicitly or explicitly, on a determination that the methods of service delineated in the Convention are not exclusive...The Convention, however, doesn't simply offer options for service

---

[1] *See In re TFT-LCD,* 270 F.R.D. at 536 (plaintiff demonstrated a need to coordinate discovery in a much larger multidistrict litigation, and the defendant was located in Taiwan, which is not a party to the Hague Convention); *Cheetah Mobile,* 2016 WL 4036098 at *3 (plaintiff had been attempting to serve for over a year, including both through personal service and the Hague Convention); *In re South African.*, 643 F. Supp. 2d at 437 (defendant evaded service through the Hague Convention for over six years); *Knit With,* 2010 WL 4977944 (E.D. Penn. Dec. 7, 2010) (plaintiff made "multiple efforts to effect service" including via the Hague Convention).

abroad—options that plaintiffs can resort to or not at their discretion. Rather, unless an exception applies, the Convention-delineated methods of service are exclusive." *Id*. at 983. In other words, "any method of service not approved by the Convention is effectively prohibited." *Id*. Since service by email is not an "approved method of service" under the Convention, "to permit [it] would bypass the means of service set forth in the Convention." *Id*. at 984 (citing *Water Splash, Inc. v. Menon*, 137 S.Ct. 1504, 1507).[2]

The *Facebook* court goes on to point out that the line of cases broadly interpreting *Rio* have overlooked that the defendant in *Rio* was located in Costa Rica, which was *not* a signatory to the Hague Convention at the time. *Id*. at 985. Thus, Rule 4(f)(1), which specifically provides for the Hague Convention service, was not applicable. *Id*.

The interpretation by some courts that *Rio* held that the methods of service enumerated in 4(f)(1) are optional is, therefore, "too expansive" a reading of the case. Instead, the Advisory Committee's notes confirm the Rule that "use of the Convention procedures, when available, is mandatory" for service abroad. *Id*. at 986. That comports with both the language of the Convention itself and Supreme Court precedent. Convention on the Service Abroad and Extrajudicial Documents in Civil or Commercial Matters art. 10, *adopted* Nov. 10, 1965, 20 U. S. T., at 362 (the "Convention *shall* apply in all" applicable cases); *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 699 ("This language is *mandatory* . . . .") (emphases added). So when the Convention applies—which, critically, it did *not* in *Rio*—"service under 4(f)(1) is indeed preferred over service under 4(f)(2) and 4(f)(3)." *Facebook*, 480 F. Supp. 3d at 986. While Rule 4(f) may not explicitly contain a preference as to method of service, the Convention and the Advisory Committee's notes clearly do. *Id*. And any other interpretation "would render the Convention optional, which the Advisory Committee's notes make clear is not the case." *Id*.

Notably the court in *Facebook* is not the only observer to point out how *Rio* has been misinterpreted. Professor Maggie Gardner argues the same in a recent Stanford Law Review article,

---

[2] The *Facebook* court also explained that other courts that have cited the fact that China has not specifically objected to email service "get things backward." *Id*. at 984. China has affirmatively objected to service "by postal channels" and not email because "The Convention doesn't offer service by email as an option, so there was no reason for China to affirmatively object to it." *Id*.

explaining how the extension of "*Rio*'s dicta" to conclude that "even when the [Hague] Convention *does* apply, plaintiffs can immediately invoke Rule 4(f)(3) to seek approval" for less formal service "is wrong under Rule 4 and violates the [Hague] Convention." Maggie Gardner, *Parochial Procedure*, 69 Stan. L. Rev. 941, 1000 (2017) (emphasis original). *See also NOCO Co. v. Liu Chang*, 2019 WL 2135665, at *5 (N.D. Ohio May 16, 2019) (even though the result may seem "shockingly out-of-step with today's fast-paced e-commerce" the court held that its "hands are tied. Plaintiff NOCO must serve Defendant Chang through China's ministry of Justice" under the Hague Convention and the court could not authorize alternative service); *Agha v. Jacobs*, 2008 WL 2051061, at *2 (N.D. Cal. May 13, 2008) ("Agha has available to him the method of accomplishing service in Germany under the auspices of the Hague Convention. Although those provisions may be more cumbersome, he is directed to employ them in a timely fashion or to dismiss this complaint.").

That Plaintiff here requests permission to serve on Syntronic Beijing's U.S. counsel—retained for the limited purpose of quashing service and contesting jurisdiction—rather than directly email documents to Syntronic Beijing does not excuse it from the mandatory requirements to serve through the Hague Convention. As Professor Gardner explained, the "conclusion that ad hoc substituted service, such as service on local counsel, can be completed domestically and thus does not violate the [Hague] Convention…misreads both *Schlunk* and Rule 4." 69 Stan. L. Rev. at 1001. The determination of whether service on a domestic agent is "valid and complete" is a determination under forum state law, and thus implicates Rule 4(e)(1). *See Schlunk*, 486 U.S. at 707. By contrast service under 4(f) by its nature occurs "at a place not within any judicial district of the United States" and so if a Court reaches Rule 4(f)(3) at all the *Schlunk* exception for domestic service is "inherently no longer relevant." 69 Stan. L. Rev. at 1001.

Plaintiff has not argued that service on Syntronic Beijing's domestic counsel, before attempting to serve through the Hague Convention, is valid under California's long-arm statute or other California law. Nor can it because California courts require Plaintiffs to diligently attempt

service through Hague Convention before granting alternate service.[3]  For example, in *Lebel v. Mai*, the defendant lived in England, a party to the Convention, and so "plaintiff was required to show that service of process on defendant comported with the Hague Convention regarding service on an individual in a foreign country, or a proper basis for why the Hague Convention did not apply." (2012) 210 Cal. App. 4th 1154, 1160.  The court held that the plaintiff's request for alternative service despite a failure to diligently attempt service through the Convention would be "a means of circumventing the service requirements of the Hague Convention, all but eviscerating application of the treaty. Such a construction could not have been the intent of the drafters or any signatory states." *Id*. at 1162.  The *Lebel* court also rejected plaintiff's argument that service on an ostensible agent of the defendant in California (his mother) was valid, in part because "substituted service is valid only if a good faith, reasonable effort at personal service on the party to be served is first attempted," which it was not in part because the plaintiff knew that the defendant did not live at that address. *Id*. at 1164.

Here, Jason Haycock, Edward Sangster, and K&L Gates LLP generally are not Syntronic Beijing's registered agents for service of process.  They have appeared in this action only for the limited purposes of quashing service on Syntronic Beijing and contesting jurisdiction.  Plaintiff's implicit argument seems to be that it may effectuate invalid service of process on a foreign corporation, then simply serve process on the domestic attorneys retained to quash the invalid service.[4]  This logic, that contesting the validity of domestic service *ipso facto* permits valid domestic service, would blow a hole through the middle of Rule 4 and indeed the entire Hague Convention.  This is simply not a reasonable interpretation of the Convention or the Federal Rules. *See Rocca v. Thompson*, 223 U.S. 317, 331-32 (1912) (treaties are to be "liberally construed" and interpreted "with a view to effecting the objects and purposes of the States thereby contracting");

---

[3] The California Code of Civil Procedure permits various means of service of process on corporations, none of which is service on the domestic counsel of a foreign corporation that does not do business in California. *See* Cal. Civ. Proc. Code § 416.10.

[4] Notably, Plaintiff has not substantively contested the merits of Syntronic Beijing's Motion to Quash Service, instead merely arguing that a grant of alternative service would moot the motion. *See* Dkt. 22-1 at 19.

6
DEFENDANT SYNTRONIC (BEIJING) TECHNOLOGY R&D CENTER CO., LTD.'S
OPPOSITION TO MOTION FOR ALTERNATIVE SERVICE; CASE NO. 21-CV-3610-SI

*Schlunk*, 486 U.S. at 700) ("Treaties are construed more liberally than private agreements, and to ascertain their meaning we may look beyond the written words to the history of the treaty, the negotiations, and the practical construction adopted by the parties").

Thus, Plaintiff here must attempt service through the Hague Convention in order to comport with due process and its procedural obligations under Rule 4. China, where Syntronic Beijing is entirely located, is a signatory to the Hague Convention and has objected to most forms of alternative methods of service, including service by "postal channels." *Facebook*, 480 F. Supp. 3d at 980 (citing *China – Central Authority & Practical Information*, Hague Conference on Private Int'l Law, https://www.hcch.net/en/states/en/states/authorites/details3/?aid=243). Service through the Convention's procedures is mandatory unless an exception applies.[5] Plaintiff has not and cannot assert an exception here beyond its conclusory and wholly debunked alter ego allegations, and so must serve through the Convention's procedures.[6]

## V. CONCLUSION

For the reasons stated above, the court should not authorize alternative service on Syntronic Beijing.

Dated: August 2, 2021

By: /s/ *Jason N. Haycock*
Edward P. Sangster
edward.sangster@klgates.com
Jason N. Haycock
jason.haycock@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
jason.haycock@klgates.com
415.882.8200 t
415.882.8220 f

---

[5] Additionally, Plaintiff's failure to properly serve Syntronic Beijing through the Hague Convention and could lead to an unenforceable judgment. *Facebook*, 480 F. Supp. 3d at 987-88 (noting that because China prohibits service by email, it may very well refuse to enforce a judgment obtained via email service of process).

[6] Exceptions include when the defendant's address is unknown, where the defendant has a valid domestic agent, where there is a case of urgency, where the foreign country refuses to serve for substantive reasons, or where the foreign country fails to return certificates of attempted service. *Facebook*, 480 F. Supp. 3d at 987.

7
DEFENDANT SYNTRONIC (BEIJING) TECHNOLOGY R&D CENTER CO., LTD.'S
OPPOSITION TO MOTION FOR ALTERNATIVE SERVICE; CASE NO. 21-CV-3610-SI

Jeffrey C. Johnson
jeff.johnson@klgates.com
Paul J. Bruene
paul.bruene@klgates.com
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
206.623.7580 t
206.623.7022 f
(*pro hac vice*)

*Attorneys for Defendants Syntronic AB, Syntronic Research and Development USA Inc., and Syntronic (Beijing) Technology R&D Center Co., LTD.*