UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SYNTRONIC AB, et al.,<br><br>Defendants. | Case No. 21-cv-03610-SI<br><br>**ORDER ON DISCOVERY DISPUTE NO. 2**<br><br>Re: Dkt. No. 64 |

On November 4, 2021, the parties filed a joint discovery dispute letter. Dkt. No. 64. The parties dispute whether the parties' protective order may be amended such that plaintiff may designate various documents as "Attorneys' Eyes Only."

On May 13, 2021, plaintiff Cadence Design Systems, Inc. ("Cadence") filed this action for federal copyright infringement, circumvention of copyright protection systems, and breach of contract against defendants. *Id.* ¶ 8. Plaintiff alleges it detected unauthorized use of its software on at least 64 Syntronic machines. FAC ¶¶ 138, 154; Dkt. No. 43-1 at ¶¶ 12, 18. At the crux of this dispute are documents evidencing exactly how Cadence knows about these alleged 64 Syntronic machines. The complaint alleges Cadence implements sophisticated, proprietary monitoring tools to curb pirated or unauthorized use of its programs, which it refers to as its "phone-home system." (FAC ¶¶ 111-13). When the system detects unauthorized use, it "phones home" information pertaining to the offending machine. *Id*. Candence wants to designate all documents regarding the details of its "phone-home-system" as confidential attorneys' eyes only to prevent the possibility of work-arounds being constructed. Dkt. No. 64 at 1.

The Court finds plaintiff's concerns well founded and therefore GRANTS plaintiff's request for Exhibit A (Dkt. No. 64-1) be entered as the operative Protective Order in this case, replacing the former Protective Order entered on November 3, 2021 at docket number 63.

However, in the event that defendants believe they need to review specific and narrowly tailored documents with their clients in order to put on a defense, the Court ORDERS the following process:

(1) If defendants' attorneys identify documents they need to show their clients in order to put on a defense, defendants' attorneys **must first meet and confer in person or over video conference** with plaintiff's counsel to work out an agreement;

(2) If no agreement can be reached, the parties may submit the discrete and narrowly tailored documents for the Court's review along with a discovery dispute letter as laid out in the Court's standing order.

**IT IS SO ORDERED**.

Dated: November 16, 2021

_____
SUSAN ILLSTON
United States District Judge