# RUTTENBERG IP LAW
### A PROFESSIONAL CORPORATION

1801 Century Park East, Suite 1920, Los Angeles, CA 90067
Tel: (310) 627 2270 Fax: (310) 627 2260

December 22, 2021

Hon. Susan Illston
United States District Court - Northern District of California
San Francisco Courthouse, Courtroom 1 - 17th Floor
450 Golden Gate Ave., San Francisco, CA 94102

**Re:**   ***Cadence Design Systems, Inc. v. Syntronic AB., et al.***
       **Case No. 3:21-cv-3610-SI – Plaintiff's Motion to Compel**

Dear Judge Illston:

Pursuant to Your Honor's Standing Order, Section 3, Plaintiff Cadence Design Systems, Inc. ("Cadence" or "Plaintiff") and Defendants Syntronic Research and Development USA Inc. ("Syntronic USA"), Syntronic AB, and Syntronic (Beijing) Technology R&D Center Co., Ltd. ("Syntronic Beijing") (collectively, "Defendants"), submit this joint letter to address Cadence's motion to (1) compel further answers to Cadence's Interrogatory Nos. 1-3 and (2) compel Defendants to complete their pending document production by a date certain.

### Plaintiff's Portion

After denying Defendants' motion to dismiss on September 16, the Court, "direct[ed] that counsel focus preliminary discovery efforts on jurisdictional issues" and report back at the next CMC on Jan. 14, 2022. (Dkt. No. 53). Plaintiff has produced evidence showing Defendants' use of pirated Cadence Software in the U.S. and abroad. Defendants, however, have still failed to produce meaningful discovery. Despite claiming that Plaintiff has served nearly 1,000 requests—which is completely untrue—Defendants collectively have produced only 65 documents totaling 483 pages. While Plaintiff continues to confer with Defendants, two areas warrant the Court's intervention at this juncture. ***First***, the Court should compel Defendants to answer interrogatories identifying the employees who used the infringing machines, how the infringing software was installed and related information (discussed below). ***Second***, the Court should set a date certain before the upcoming CMC for Defendants to (i) provide any responsive information / documents they agree to provide, (ii) specify any objections on which Defendants are withholding responsive documents or information, and (iii) serve a privilege log.

**Background**. In this software piracy action, Cadence alleges that Syntronic systematically used pirated versions of its EDA software, causing millions of dollars of lost licensing revenue. Cadence brings claims for copyright infringement and circumvention of copyright protection mechanisms, as well as breach of contract based on the click-through agreements to which Syntronic representatives necessarily consented when installing Cadence Software. Through these agreements, Defendants also consented to exclusive jurisdiction in California. (*See, e.g.*, Dkt. No. 26-1, § 27). Plaintiff also alleges Defendants are subject to general and specific jurisdiction for targeting this forum and being the alter egos of and/or a single enterprise with Syntronic USA.

Hon. Susan Illston
December 22, 2021, Page | 2

**<u>The Court Should Order Defendants to Fully Answer Interrogatories 1-3</u>**.  Rogs 1-3 generally seek information on the offending machines, how pirated software was installed on those machines and the Syntronic personnel who used them. (*See* Ex. A). To their credit, Defendants' responses confirm that at least 41 of the machines detected through Cadence's "phone-home" technology were used by ***Syntronic engineers***.  Yet Defendants somehow claim they have no idea how or why this software was installed. Worse yet, Defendants refuse to produce the names, contact information and specific titles/positions (including descriptions) of the individuals who used the offending machines, referring to them merely as "engineers."  Defendants also refuse to provide information as to some machines because they contend those machines are owned by another Syntronic AB subsidiary or are "personal computers" of their employees.

In particular, <u>Rog 3</u> seeks the names and other information pertaining to the dozens of Syntronic engineers who used Cadence Software. The information is critical for addressing personal jurisdiction. Although Syntronic consented to jurisdiction in CA as part of a "click-through" license when its 41+ engineers accessed the software, Defendants claim they did so without corporate authority. Not only is their identity important, but these engineers are also likely witnesses with critical documents shedding light on how, why and on whose authority they used Cadence Software. Defendants fail to substantiate any burden in providing this information, much less one that outweighs its importance. By all accounts defense counsel already has this information.  There is nothing improper in using the discovery process to identify key witnesses. Presumably, any sensitive information could be protected through the existing Protective Order.

Defendants also fail to furnish all "information available to the party" as required by Rule 33(b)(1)(B). Syntronic USA and AB limit their responses to "Syntronic USA Persons" and persons associated with "computers owned or used by Syntronic AB."  (Ex. B at 4; Ex. C at 6). Syntronic Beijing objected and did little more than identify its implicated employees as "engineers." (Ex. D at 11-14).  Defendants admit below that they know of other implicated Syntronic machines—that may have been technically owned by a subsidiary or an employee—but they refuse to disclose that information. Instead, without explanation, they contend that providing the information they already have is somehow "unduly burdensome in the extreme" and incorrectly state the case law— *e.g.*, both *Keahole* and *Genentech* confirm that a parent organization (Syntronic AB) must provide information in the control of its subsidiaries. Defendants must provide ***all available information***. *Abante Rooter & Plumbing, Inc. v. Total Merch. Servs., LLC*, No. 19CV05711EMCTSH, 2020 WL 4036386, at *1 (N.D. Cal. July 17, 2020) (information available to sub is available to parent); *Electracash, Inc. v. Kahn*, No. CV051135RSWLFMOX, 2006 WL 8434675, at *1 (C.D. Cal. July 10, 2006) ("A party cannot unreasonably limit answers to information within its own knowledge and ignore information immediately available to it or under its control.").

Defendants' new-found "relevance" objection is even further afield. Plaintiff alleges that Defendants used Cadence Software on specific machines.  If Defendants have information on who used those machines—as they suggest below—that information is relevant to both Plaintiff's claims and Syntronic's defenses. The *DEPCOM* case on which Defendants purport to base this objection concerns amending a judgment to add an alter ego, not the proper scope of discovery.

Nor is there any basis to further delay so Defendants can "review and comply with any applicable Chinese law." The Chinese law they previously identified was not even in effect when Rog 3 was served five months ago. Defendants have not provided any authority suggesting "Chinese law" impacts their compliance. This unsubstantiated objection should be overruled.

Hon. Susan Illston
December 22, 2021, Page | 3

For <u>Rog 1</u>, Defendants identified some machines, but (i) are withholding information based on boilerplate objections and (ii) improperly narrowed their responses to machines ***belonging*** to the specific responding entity. While Defendants attempt to draw lines around their corporate IT boundaries, discovery has already shown those lines are illusory—*e.g.*, Syntronic ***USA's*** Business Development Manager testified he received his computer from Syntronic ***Canada***. Syntronic employees also use other machines for their work. Plaintiff is not asking for herculean tasks (as Defendants suggest)—the requested information is reasonably available to Defendants and (as confirmed in meet-and-confers) they are ***withholding*** it, including concerning multiple Syntronic Machines detected by Cadence. Even below, Defendants contend they do not have "certain" information, but they are withholding other information that they think is "irrelevant."

For <u>Rog 2</u> (which asks how software ended up on Syntronic Machines), Defendants raise objections but also, in a carefully worded response, claim they lack responsive information "at this time." (Ex. C at 10). They received machine-specific data ***20 months ago*** but refuse to say what, if anything, they have done to collect responsive information. Have they asked any of the 41+ "engineers," their supervisors or their IT specialists how the pirated Cadence software ended up on these computers? Are they withholding information on the basis of some objection? It's unclear why Defendants needed the phone-home data for their analysis, but Cadence produced it as soon as the Court entered the two-tier PO. Cadence also answered Defendants' de-designation request within days. Defendants are out of excuses. "If a party lacks information necessary to provide a complete response, it should state so under oath, disclose the information it does have, and set forth in detail the efforts it made to obtain the rest of the information." *Electracash*, 2006 WL 8434675 at *1. Defendants should furnish all available information or confirm none exists.

**<u>The Court Should Order Defendants to Produce All Agreed Documents and Information and Identify Objections.</u>** Rule 34(b)(2)(B) requires a party responding to a document request to produce documents within 30 days of service or specify another time for doing so. If a party withholds responsive documents, Rule 34(b)(2)(C) requires that party to specify its basis for doing so. Courts interpret Rule 33 similarly. *Guarriello v. Fam. Endowment Partners, LP*, No. 14-CV-13351-IT, 2015 WL 12953233, at *3 (D. Mass. Dec. 21, 2015) (party must identify "objection that is the basis for withholding information"). Defendants now suggest for the first time (below) that they will complete their production by Jan. 7 (although they refuse to so stipulate). Defendants likewise refuse to say if they are withholding documents/information on the basis of any objections, nor have they provided a privilege log. This is particularly troubling given Defendants' paltry production to date coupled with their assertion (below) that it is nearly complete. To move things forward, Plaintiff asks that Defendants be ordered to complete the following before the Jan. 14 CMC: (i) produce all documents and information they have agreed to produce; (ii) specify objections on which they are standing; and (iii) provide any privilege log.

<u>**Defendants' Portion**</u>

Jurisdictional discovery is confirming that none of the alleged copyright violations occurred in the U.S. and that Plaintiff's theories of personal jurisdiction are untenable. Indeed, Defendants are now in possession of Plaintiff's "phone home" data, which confirms that not a single relevant computer was located in the U.S. or belonged to Syntronic USA or Syntronic AB.

Plaintiff's response to these developments has been to propound oppressive discovery, steadily closing in on nearly ***1,000*** total requests, not including three non-party subpoenas. Plaintiff has propounded a combined 30 Interrogatories, *306* Requests for Production, 9 Inspection

Hon. Susan Illston
December 22, 2021, Page | 4

Demands, and *483* Requests for Admission.[1]  At issue here is the sufficiency of three interrogatory responses.[2]  The Court should deny Plaintiff's motion to compel.

Only Syntronic Beijing's responses are at issue.  Syntronic USA and Syntronic AB fully responded, explaining there are no responsive Syntronic USA or Syntronic AB computers.  Exs. B, 3:4-7, 3:22-25, 4:11-14; C, 3:25-4:2, 5:9-14, 6:20-23.  It would be unduly burdensome in the extreme, and Plaintiff cites no authority, to require them to search every computer of every affiliate or subsidiary to determine whether Cadence software was ever possibly, maybe installed.  There is no such requirement.  *E.g.*, *Keahole Point Fish LLC v. Skretting Canada Inc.*, Case No. 11-cv-675, 2013 WL 12406849, **2-3 (D. Haw. Apr. 9, 2013); *Genentech, Inc. v. Trustees of Univ. of Penn.*, Case No. 10-cv-2037-PSG, 2011 WL 5373759, *1, *3 (N.D. Cal. Nov. 7, 2011).  Indeed, information is discoverable only if relevant to a "claim or defense."  Fed. R. Civ. P. 26(b)(1).  Plaintiff asserted claims against three defendants.  Only information relevant to *those* claims is discoverable.  *Id.*; *DEPCOM Power, Inc. v. CSUN Solar, Inc.*, Case No. 18-cv-00729-JST, 2020WL 5176193, *5 (ND. Cal. July 30, 2020) (collecting cases and explaining that courts define "the [single] enterprise to include only the entities at issue in the litigation.").  It certainly has no relevance to jurisdiction.  As explained below, Defendants do not possess certain information; they are not withholding it.  Each is fully cooperating, providing relevant information in its possession, custody, or control, and the Court should deny Plaintiff's attempts to expand jurisdictional discovery beyond the asserted claims and named parties.

Syntronic Beijing's responses are proper.  For Interrogatory No. 1, Syntronic Beijing identified each of its responsive computers.  Ex. D, 4:6-9:14.  Far from asserting "boilerplate" objections, Syntronic Beijing asserted two objections:  (1) that "Syntronic Computers" is vague and ambiguous and would be construed to include only computers belonging to Syntronic Beijing, which is appropriate in light of Plaintiff's improper attempts to conflate Defendants as a single "Syntronic" entity; and (2) that the response would be limited to the statute of limitations period, which is also appropriate, *Campanelli v. ImageFIRST Uniform Rental Serv.*, Case No. 15-cv-04456-PJH, 2016 WL 8730526, *3 (N.D. Cal. July 1, 2016).

---

[1] When denying Plaintiff's now ironic request to limit *Defendants'* number of discovery requests, the Court expressly recognized that Plaintiff sued three separate Defendants.  Despite that, Plaintiff has made a habit of propounding one copy of discovery requests addressed to all Defendants collectively in an apparent effort to further its narrative that Defendants are one alter ego company.  That practice is cumbersome, confuses the presentation of issues to the Court, does not facilitate the orderly administration of discovery, and does not comport with reality.  Defendants are three separate legal entities located in three different regions of world.  They cannot accurately respond as one monolithic "Syntronic."  Plaintiff seems not to appreciate that it can both recognize that reality *and* still advance its alter ego theory, which pierces the corporate veil as a matter of equity, where appropriate, *notwithstanding* legal separateness.  Plaintiff need not resort to semantics and confusing discovery practices. In light of how Plaintiff has chosen to propound discovery, each Defendant must respond separately, meaning each request is multiplied in triplicate.

[2] Plaintiff's claim that Defendants "failed to produce meaningful discovery" is flat-out false. Defendants have produced such "meaningful" discovery as board meeting minutes, financial statements, loan documents, banking information, and information on forty computers, among other things.  That Defendants refuse to go along with Plaintiff's "scorched earth" discovery tactics does not mean Defendants' production is "paltry" or not "meaningful."

Hon. Susan Illston
December 22, 2021, Page | 5

Plaintiff next complains that Syntronic Beijing failed to provide information about twenty computers. Other than for three computers, neither Syntronic Beijing *nor Defendants* possess the requested information. Some of those computers are believed to have been personal computers of Syntronic Beijing's former employees (for which they have no information), three appear to have belonged to a non-party affiliate, and Defendants have been unable locate information on the remainder, *including among their affiliates* (which is not relevant to jurisdiction anyway). If Defendants locate information later in discovery, they will comply with Rule 26(e). But at this stage, these computers did not belong to Defendants and therefore are not relevant to jurisdiction.

For Interrogatory No. 2, Plaintiff argues that Syntronic Beijing must state that it lacks information to respond. Syntronic Beijing did exactly that, stating it "is unable to identify information responsive to this Interrogatory at this time[,]" and explaining why—*it no longer has the computers and the engineers are no longer with the company*. Ex. D, 10:27-11:10. It did not "refuse" to explain, and it included "at this time" to reflect that discovery is ongoing and Defendants were waiting on Plaintiff's "phone home" data, which is central to further responding.[3]

For Interrogatory No. 3, Plaintiff argues that Syntronic Beijing must disclose the names and addresses of the *former* employees to whom the computers were assigned. The only jurisdictional relevance of these former engineers is their authority to bind Syntronic Beijing to the alleged "click-wrap" agreements. Plaintiff need only their title, which Syntronic Beijing disclosed. Ex. D, 12:26-14:27. If the Court deems it appropriate, Syntronic Beijing will disclose the names. But addresses and other information is irrelevant and not proportional because any last known address, even if current, is located in China, beyond the reach of a subpoena.

Plaintiff's discovery conduct also raises concerns about how it will use private information. For example, Plaintiff issued a subpoena on a woman named Yi Chen, who has absolutely no connection to these proceedings or to any party. Apparently, Plaintiff believed she has some familial or other connection to a former Syntronic Beijing employee, and for that Plaintiff used its subpoena power to demand that Ms. Chen produce such invasive information as "Documents sufficient to show Your *relationship*" with the former employee and "*All communications* between You" and the former employee "from *January 1, 2016* to present including without limitation *all text messages, iMessages, SMS messages, WeChat messages, instant messages of any kind, emails, and any other communications*[.]" Those demands are facially inappropriate and bear no relevance to this case. Syntronic Beijing requests that the Court not compel it to produce private information beyond names because it is not relevant or proportional to jurisdiction. If the Court disagrees, Syntronic Beijing requests the Court grant it time to comply with any applicable Chinese law.

Finally, Plaintiff's request that the Court order Defendants to complete their production by a "date certain" is meritless and unnecessary. Defendants have cooperated in discovery throughout this case, substantively answering proper requests and rolling out document productions each time they said they would, including in response to a subpoena on a non-party employee. Syntronic USA already completed its production, and the two foreign Defendants, Syntronic AB and Syntronic Beijing, made initial productions on December 8, 2021. They anticipate completing what they have agreed to produce by January 7, 2022. There is no need to order Syntronic AB or Syntronic Beijing to complete production by any "date certain."

---

[3] Plaintiff finally agreed to de-designate certain categories of the data the same date as this filing.

Hon. Susan Illston
December 22, 2021, Page | 6

Best regards,

*/s/ Guy Ruttenberg*
_____
Guy Ruttenberg
Ruttenberg IP Law, A Professional Corp.
Attorneys for Cadence

*/s/ Jason N. Haycock*
_____
Jason N. Haycock
K&L Gates LLP
Attorneys for Defendants

ATTORNEY'S E-FILING ATTESTATION

As the attorney e-filing this document, and pursuant to Local Rule 5-1(h)(3), I hereby attest that counsel for Defendants whose electronic signature appears above has concurred in this filing.

*/s/ Guy Ruttenberg*
_____
Guy Ruttenberg
Ruttenberg IP Law, A Professional Corp.
Attorneys for Cadence

505383035.1