EDWARD P. SANGSTER, Bar No. 121041
edward.sangster@klgates.com
JASON N. HAYCOCK, Bar No. 278983
jason.haycock@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

JEFFREY C. JOHNSON, *pro hac vice*
jeff.johnson@klgates.com
PAUL J. BRUENE, *pro hac vice*
paul.bruene@klgates.com
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: + 1 206 623 7580
Facsimile: + 1 206 623 7022

*Attorneys for Defendants Syntronic AB, Syntronic Research and Development USA Inc., and Syntronic (Beijing) Technology R&D Center Co., LTD.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., *a Delaware Corporation*, | Case No.:  5:21-cv-3610-SI |
| Plaintiff, | **SYNTRONIC AB SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |
| vs. | |
| SYNTRONIC AB, *a Publikt Aktiebolag*, SYNTRONIC RESEARCH AND DEVELOPMENT USA INC., *a California Corporation*, SYNTRONIC (BEIJING) TECHNOLOGY R&D CENTER CO., LTD., *a Chinese Corporation*, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendant Syntronic AB submits this Second Amended Answer and Affirmative Defenses to the First Amended Complaint (the "Complaint") filed by Plaintiff Cadence Design Systems, Inc. ("Plaintiff"). As a preliminary matter, the Complaint frequently and improperly conflates the three defendants into a single entity called "Syntronic," and to the extent the Complaint makes any allegation against "Syntronic" generally, Syntronic AB denies the existence of any such "Syntronic" entity, and Syntronic AB will answer on behalf of itself and no other entity. Syntronic AB further and hereby states as follows[1]:

## ANSWER

1.      Syntronic AB admits that this is an for action copyright infringement, circumvention of copyright protection systems, and breach of contract. Syntronic AB denies any liability in this action.

2.      Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint. To the extent a response is required, Syntronic AB denies the allegations.

3.      Syntronic AB admits that it is a Swedish Privat Aktiebolag with its principal place of business at Utmarksvägen 33C, 802 91 Gävle, Sweden.

4.      Syntronic AB admits that on September 28, 2018, Syntronic Research and Development USA Inc. ("Syntronic USA") filed its articles of incorporation in California listing Utmarksvagen 33C, 802 91 Gävle, Sweden as its street address but that all subsequent filings with the California Secretary of State do not identify Utmarksvägen 33C, 802 91 Gävle, Sweden as an address associated with Syntronic USA. Syntronic AB admits that Syntronic USA's principal place of business at 5201 Great America Pkwy, Suite 320 Santa Clara, California 95054. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 4.

5.      Syntronic AB admits paragraph 5.

6.      Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in Paragraph 6.

---

[1] Footnote 1 to the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in Footnote 1.

7.    Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in Paragraph 7.

8.    Syntronic AB admits that certain branding or marketing materials may make reference to "Syntronic" or "Syntronic Group."  Otherwise, paragraph 8 contains legal conclusions to which no response is required. To the extent a further response is required, Syntronic AB denies the allegations in paragraph 8.

9.    Syntronic AB admits that certain branding or marketing materials may make reference to the term "Syntronic – Global Design House." Otherwise, paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 9.

10.    Syntronic AB admits that certain branding or marketing materials may make reference to the term "one Syntronic." Otherwise, paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 10.

11.    Syntronic AB admits that certain branding or marketing materials may make reference to Bjorn Jansson as "Group CEO" of Syntronic.

12.    Syntronic AB admits that Björn Jansson publicly stated that "[o]ne of the key factors of our success is that we work as one Syntronic globally."

13.    Syntronic AB admits that the quote from paragraph 13 of the Complaint appears in an article entitled "Syntronic milestone: 15 years in China" dated October 29, 2020 on www.Syntronic.com

14.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.  To the extent a response is required, Syntronic AB denies the allegations.

15.    Syntronic AB admits that the quote from paragraph 15 of the Complaint appears in an article entitled "Interview Lily Chen" on www.syntronic.com.

16.    Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 16.

SYNTRONIC AB'S SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. 21-CV-3610-SI

17.    Syntronic AB admits that on December 20, 2019, Syntronic USA filed form CSCL/CD-560 with the Michigan Secretary of State that identified Utmarksvägen 33C, 802 91 Gävle, Sweden as the main business address and identified 5201 Great American Parkway, #320, Santa Clara, CA 95054 as the mailing address, but that all subsequent filings with the Michigan Secretary of State do not identify Utmarksvägen 33C, 802 91 Gävle, Sweden as an address associated with Syntronic USA. Except as expressly admitted Syntronic AB denies the allegations.

18.    Syntronic AB denies the allegations in paragraph 18.

19.    Syntronic AB admits that Björn Jansson sits on the board of directors of Syntronic AB, Syntronic USA, and Syntronic (Beijing) Technology R&D Center Co., Ltd. ("Syntronic Beijing").

20.    Syntronic AB admits that Monica Jansson sits on the board of directors of Syntronic Beijing and Syntronic AB.

21.    Syntronic AB admits that Björn Ostlund is an officer of Syntronic USA. Syntronic AB admits that Björn Ostlund was formerly an officer and director of Syntronic AB. Syntronic AB admits that Björn Ostlund was formerly a general manager at Syntronic Beijing. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 21.

22.    Syntronic AB denies the allegations in paragraph 22.

23.    Syntronic AB admits that the website www.syntronic.com states that the Syntronic companies collectively employ 1,350 employees. Except as expressly admitted, Syntronic AB denies the remaining allegations in paragraph 23.

24.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint. To the extent a response is required, Syntronic AB denies the allegations.

25.    Syntronic AB denies the allegations in paragraph 25 of the Complaint.

26.    Syntronic AB admits that inter-company accounting is a generally accepted accounting principle used among multi-national companies. Syntronic AB admits that paragraph 20 of Björn Jansson's declaration in support of Defendants' motion to dismiss stated that "[a]ny loans from Syntronic AB to Syntronic Beijing were properly documented either in loan agreements, inter-

company accounts, books and records, and/or financial statements."  Except as expressly admitted, Syntronic AB denies the allegations in paragraph 26.

27.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.  To the extent a response is required, Syntronic AB denies the allegations.

28.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.  To the extent a response is required, Syntronic AB denies the allegations.

29.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.  To the extent a response is required, Syntronic AB denies the allegations.

30.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.  To the extent a response is required, Syntronic AB denies the allegations.

31.     Syntronic AB denies the allegations in paragraph 31 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

32.     Syntronic AB denies the allegations in paragraph 32 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

33.     Syntronic AB denies the allegations in paragraph 33 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

SYNTRONIC AB'S SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. 21-CV-3610-SI

34.    Syntronic AB admits that its headquarters are in Gävle, Sweden. The remainder of the allegations in paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations.

35.    Syntronic AB admits that either it and or its legally distinct subsidiaries have regional capabilities in North and South America, Asia and the Pacific, and Europe, the Middle East, and Africa. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 35.

36.    Syntronic AB admits that either it and or its legally distinct subsidiaries have operations in Sweden, USA, Canada, China, Japan, Malaysia, and Indonesia. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 36.

37.    Syntronic AB admits that one or more Defendant(s) participated in the 2019 World Mobile Congress that contained the description quoted in paragraph 37.  Except as expressly admitted, Syntronic AB denies the allegations in paragraph 37.

38.    Syntronic AB admits that there is a "partnerpage" on st.com that contains the quote from paragraph 38. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 38.

39.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.  To the extent a response is required, Syntronic AB denies the allegations.

40.    Syntronic AB admits that the quote from paragraph 40 appears on www.syntronic.com. Syntronic AB denies that there is any company called "Syntronic" as used in the Complaint.

41.    Syntronic AB admits that the website www.syntronic.com includes a timeline and contains the quotes from paragraph 41. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 41.

42.    Syntronic AB denies that it has an officer or employee named Zinser Zhao. Syntronic AB admits that Zinser Zhao is the General Manager of the legally distinct entity, Syntronic Beijing. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the rest

5

of the allegations in paragraph 42 of the complaint.  To the extent a response is required, Syntronic

AB denies the allegations.

43.    Syntronic AB admits that Syntronic Beijing has operations only within China. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 43 of the complaint.  To the extent a response is required, Syntronic AB denies the allegations.

44.    Syntronic AB denies the allegations in paragraph 44 of the Complaint.

45.    Syntronic AB admits that, immediately upon its incorporation, Syntronic USA temporarily identified Utmarksvägen 33C, 802 91 Gävle, Sweden as a place of business in certain documents.  Syntronic AB denies that it shares an address with Syntronic USA.  Except as expressly admitted, Syntronic AB denies the allegations in paragraph 45.

46.    Syntronic AB admits that www.syntronic.com is registered to Syntronic AB. Syntronic AB admits that www.syntronic.com provides access to information for all Syntronic entities, including Syntronic AB, Syntronic USA, and Syntronic Beijing. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 46.

47.    Syntronic AB admits that each Defendant has "Syntronic" in their names. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 47.

48.    Syntronic AB admits that it engages in independent, company-level auditing and accounting and that, consistent with generally accepted accounting principles, it submits consolidated financial statements.  Except as expressly admitted, Syntronic AB denies the allegations in paragraph 48.

49.    The allegations in paragraph 49 are legal conclusions to which no response is required. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49. The extent a response is required, Syntronic AB denies the allegations.

50.    Syntronic AB admits that, consistent with any parent-subsidiary relationship, it provided one fully documented loan to Syntronic USA to assist with cash-flow during the pandemic. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 50.

51.    Syntronic AB admits that, consistent with any parent-subsidiary relationship, it has made properly documented loans to Syntronic Beijing.  Except as expressly admitted, Syntronic AB denies the allegations in paragraph 51.

52.    Paragraph 52 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 52.

53.    Paragraph 53 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 53.

54.    Paragraph 54 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 54.

55.    Paragraph 55 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 55.

56.    Syntronic AB admits that Plaintiff contacted Syntronic AB regarding the allegations in the Complaint. Syntronic AB admits that it engaged Plaintiff and participated in numerous correspondences in an effort to understand Plaintiff's allegations.  Syntronic AB admits that Plaintiff was referred to Syntronic Beijing. The remainder of the allegations in paragraph 56 are legal conclusions to which no response is required and/or allegations about which Syntronic AB is without knowledge or information sufficient to form a belief as to the truth. To the extent a response is required, Syntronic AB denies the allegations.

57.    Syntronic AB denies that the Court has subject matter jurisdiction over Plaintiff's claims.  Paragraph 57 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 57.

58.    Syntronic AB denies that the Court has personal jurisdiction over it.  Paragraph 58 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 58.

59.    Syntronic AB denies that it contractually agreed "to submit to exclusive jurisdiction in the federal and state courts of California, U.S.A. in the event of a dispute."  Syntronic AB denies that it entered into either Software License Maintenance Agreement, attached as Exhibits 1 and 2 to the

7

operative Complaint. Paragraph 59 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 59.

60.     Syntronic AB denies that it approved and/or ratified the use of Cadence Software, including the agreement to submit to jurisdiction in California. Paragraph 60 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 60.

61.     Syntronic AB denies the allegations in paragraph 61 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint as to the other Defendants. To the extent a response is required, Syntronic AB denies the allegations.

62.     Paragraph 62 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 62.

63.     Syntronic AB admits that Syntronic USA is a California corporation based in Santa Clara and that it appeared in this action without contesting personal jurisdiction.  Except as expressly admitted, Syntronic AB denies the allegations in paragraph 63.

64.     Paragraph 64 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB admits that Plaintiff purported to serve it with Plaintiff's Complaint and Summons in California, and that it is not presently challenging such service. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 64.

65.     Paragraph 65 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 65.

66.     Paragraph 66 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 66.

67.     Paragraph 67 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 67.

68.     Paragraph 68 is a legal conclusion to which no response is required. To the extent a response is required, Syntronic AB denies the allegations in paragraph 68.

69.    Syntronic AB denies the allegations in paragraph 69 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

70.    Paragraph 70 is a legal conclusion to which no response is required.  To the extent a response is required, Syntronic AB denies the allegations in paragraph 70.

71.    Syntronic AB admits that Plaintiff told it that one of Plaintiff's offices is located in California in February 2020.  Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 of the Complaint and on that basis denies them.

72.    Syntronic AB denies the allegations in paragraph 72 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

73.    Syntronic AB denies the allegations in paragraph 73 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint as to Syntronic Beijing.  To the extent a response is required, Syntronic AB denies the allegations.

74.    Syntronic AB denies the allegations in paragraph 74 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

75.    Syntronic AB denies the allegations in paragraph 75 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

76.     Syntronic AB admits that the quoted language appears on a Facebook page.  Except as expressly admitted, Syntronic AB denies the allegations in paragraph 76 of the Complaint.

77.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.  To the extent a response is required, Syntronic AB denies the allegations.

78.     Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations.

79.     Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations.

80.     Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations.

81.     Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations.

82.     Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations.

83.     Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, Syntronic AB denies the allegations.

84.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.  To the extent a response is required, Syntronic AB denies the allegations.

85.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.  To the extent a response is required, Syntronic AB denies the allegations.

86.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.  To the extent a response is required, Syntronic AB denies the allegations.

SYNTRONIC AB'S SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. 21-CV-3610-SI

87.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87. To the extent a response is required, Syntronic AB denies the allegations.

88.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88. To the extent a response is required, Syntronic AB denies the allegations.

89.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89. To the extent a response is required, Syntronic AB denies the allegations.

90.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90. To the extent a response is required, Syntronic AB denies the allegations.

91.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91. To the extent a response is required, Syntronic AB denies the allegations.

92.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92. To the extent a response is required, Syntronic AB denies the allegations.

93.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93. To the extent a response is required, Syntronic AB denies the allegations.

94.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94. To the extent a response is required, Syntronic AB denies the allegations.

95.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95. To the extent a response is required, Syntronic AB denies the allegations.

SYNTRONIC AB'S SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. 21-CV-3610-SI

96.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.  To the extent a response is required, Syntronic AB denies the allegations.

97.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.  To the extent a response is required, Syntronic AB denies the allegations.

98.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.  To the extent a response is required, Syntronic AB denies the allegations.

99.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.  To the extent a response is required, Syntronic AB denies the allegations.

100.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.  To the extent a response is required, Syntronic AB denies the allegations.

101.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.  To the extent a response is required, Syntronic AB denies the allegations.

102.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.  To the extent a response is required, Syntronic AB denies the allegations.

103.    Syntronic USA denies it used any Cadence software with out authorization. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103.  To the extent a response is required, Syntronic AB denies the allegations.

104.    Syntronic AB denies it used any Cadence software with out authorization. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104.  To the extent a response is required, Syntronic AB denies the allegations.

105.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.  To the extent a response is required, Syntronic AB denies the allegations.

106.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.  To the extent a response is required, Syntronic AB denies the allegations.

107.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.  To the extent a response is required, Syntronic AB denies the allegations.

108.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.  To the extent a response is required, Syntronic AB denies the allegations.

109.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.  To the extent a response is required, Syntronic AB denies the allegations.

110.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.  To the extent a response is required, Syntronic AB denies the allegations.

111.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111.  To the extent a response is required, Syntronic AB denies the allegations.

112.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.  To the extent a response is required, Syntronic AB denies the allegations.

113.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.  To the extent a response is required, Syntronic AB denies the allegations.

SYNTRONIC AB'S SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. 21-CV-3610-SI

114.    Syntronic AB admits that it is a design services firm engaged in system design, hardware design, ASIC design, verification, and other related activities. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 114 of the Complaint.

115.    Syntronic AB denies the allegations in paragraph 115 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

116.    Syntronic AB denies the allegations in paragraph 116 as to itself.  Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

117.    Syntronic AB denies the allegations in paragraph 117 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

118.    Syntronic AB admits the allegations in paragraph 118.

119.    Syntronic AB admits the allegations in paragraph 119.

120.    Syntronic AB admits the allegations in paragraph 120.

121.    Syntronic AB admits the allegations in paragraph 121.

122.    Syntronic AB denies the allegations in paragraph 122 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

123.    Syntronic AB admits that quoted language appeared in a June 4, 2020 correspondence between Björn Jansson and Cadence.  Except as expressly admitted, Syntronic AB denies the allegations in paragraph 123.

124.    Syntronic AB admits that it did not provide Plaintiff with any evidence of a license to Cadence software. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

125.    Syntronic AB denies the allegations in paragraph 125 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

126.    Syntronic AB denies the allegations in paragraph 126 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

127.    Syntronic AB denies the allegations in paragraph 127 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

128.    Syntronic AB denies the allegations in paragraph 127 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

129.    Syntronic AB denies the allegations in paragraph 129 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

130.    Syntronic AB denies the allegations in paragraph 130 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in

SYNTRONIC AB'S SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. 21-CV-3610-SI

paragraph 130 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

131.     Syntronic AB denies the allegations in paragraph 131 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

132.     Syntronic AB denies the allegations in paragraph 132 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

133.     Syntronic AB denies the allegations in paragraph 133 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

134.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.  To the extent a response is required, Syntronic AB denies the allegations.

135.     Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.  To the extent a response is required, Syntronic AB denies the allegations.

136.     Syntronic AB denies the allegations in paragraph 136 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

137.     Syntronic AB denies the allegations in paragraph 137 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 137 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

138.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.  To the extent a response is required, Syntronic AB denies the allegations.

139.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.  To the extent a response is required, Syntronic AB denies the allegations.

140.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.  To the extent a response is required, Syntronic AB denies the allegations.

141.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.  To the extent a response is required, Syntronic AB denies the allegations.

142.    Syntronic AB admits that the domain "syntronic.com" belongs to Syntronic AB. Syntronic AB admits that the domain "syntronic.net" belongs to Syntronic AB.  Except as expressly admitted, Syntronic AB denies the allegations in paragraph 142.

143.    Syntronic AB admits that email addresses with the extension "@syntronic.com" are associated with each of the three Defendants.

144.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144.  To the extent a response is required, Syntronic AB denies the allegations.

145.    Syntronic AB denies the allegations in paragraph 145 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

SYNTRONIC AB'S SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. 21-CV-3610-SI

146.    Syntronic AB denies the allegations in paragraph 146 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

147.    Syntronic AB denies the allegations in paragraph 147 as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

148.    Syntronic AB admits that Plaintiff contacted it on February 5, 2020 purporting to have evidence showing that Syntronic entity used unlicensed Cadence Software. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 148.

149.    Syntronic AB admits that on February 12, 2020, Michael Åhlen, the Senior Vice President for Operational Development for Syntronic AB, sent an email with the quote from paragraph 149. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 149.

150.    Syntronic AB admits that on February 12, 2020, Cadence responded with the quoted language. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 150.

151.    Syntronic AB denies the allegations in paragraph 151.

152.    Syntronic AB admits that Cadence sent a communication on March 10, 2020. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 151.

153.    Syntronic AB admits the allegations in paragraph 153.

154.    Syntronic AB admits the allegations in paragraph 154.

155.    Syntronic AB admits that Jesper Gullberg, the Vice President of Stategic Communications at Syntronic AB, responded to Plaintiff with the quote from paragraph 155. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 155.

156.    Syntronic AB admits that Mr. Gullberg, Syntronic AB's outside counsel at Carr & Ferrell, and Plaintiff's counsel conferred on June 1, 2020 regarding Plaintiff's allegations. Syntronic

AB admits its counsel represented that Syntronic AB was investigating Plaintiff's claims. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 156.

157.    Syntronic AB denies the allegations in paragraph 157.

158.    Syntronic AB admits that BjörnJansson, the CEO of Syntronic AB, sent a letter to Plaintiff explaining that Plaintiff should communicate directly with Syntronic Beijing and including the quotes from paragraph 158 and the contact details for Ziner Zhou. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 158.

159.    Syntronic AB admits that Mr. Jansson did not furnish Cadence with evidence of third party licenses.  Except as expressly admitted, Syntronic AB denies the allegations in Paragraph 159.

160.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.  To the extent a response is required, Syntronic AB denies the allegations.

161.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.  To the extent a response is required, Syntronic AB denies the allegations.

162.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162.  To the extent a response is required, Syntronic AB denies the allegations.

163.    Syntronic AB admits that it received a letter from Plaintiff on September 24, 2020 enclosing a draft Complaint. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 163.

164.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163.  To the extent a response is required, Syntronic AB denies the allegations.

165.    Syntronic AB admits that Jesper Gullberg, who is the Vice President for Strategic Projects at Syntronic AB, received an email from Zinser Zhao on September 29, 2020 with the quotes

1    from paragraph 163 included. Except as expressly admitted, Syntronic AB denies the allegations in

2    paragraph 165.

3        166.    Syntronic AB is without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in paragraph 166.  To the extent a response is required, Syntronic AB denies

5    the allegations.

6        167.    Syntronic AB is without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in paragraph 166.  To the extent a response is required, Syntronic AB denies

8    the allegations.

9        168.    Syntronic AB denies the allegations in paragraph 168 as to itself. Syntronic AB is

10   without knowledge or information sufficient to form a belief as to the truth of the allegations in

11   paragraph 168 of the Complaint as to the other Defendants.  To the extent a response is required,

12   Syntronic AB denies the allegations.

13       169.    Syntronic AB denies the allegations in paragraph 169 as to itself. Syntronic AB is

14   without knowledge or information sufficient to form a belief as to the truth of the allegations in

15   paragraph 169 of the Complaint as to the other Defendants.  To the extent a response is required,

16   Syntronic AB denies the allegations.

17       170.    Syntronic AB denies the allegations in paragraph 170 as to itself. Syntronic AB is

18   without knowledge or information sufficient to form a belief as to the truth of the allegations in

19   paragraph 170 of the Complaint as to the other Defendants.  To the extent a response is required,

20   Syntronic AB denies the allegations.

21       171.    Syntronic AB denies the allegations in paragraph 171 as to itself. Syntronic AB is

22   without knowledge or information sufficient to form a belief as to the truth of the allegations in

23   paragraph 171 of the Complaint as to the other Defendants.  To the extent a response is required,

24   Syntronic AB denies the allegations.

25

26

27

28

1

2

<u>**COUNT I**</u>

**(Copyright Infringement under 17 U.S.C. § 501 Against All Defendants)**

3      172.    Syntronic AB restates and incorporates by reference each of its responses set forth in

4   the paragraphs above, as if fully set forth herein.

5      173.    Syntronic AB is without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in paragraph 173 of the Complaint.  To the extent a response is required,

7   Syntronic AB denies the allegations.

8      174.    Syntronic AB is without knowledge or information sufficient to form a belief as to the

9   truth of the allegations in paragraph 174 of the Complaint.  To the extent a response is required,

10  Syntronic AB denies the allegations.

11      175.    Syntronic AB denies the allegations in paragraph 175 as to itself. Syntronic AB is

12  without knowledge or information sufficient to form a belief as to the truth of the allegations in

13  paragraph 175 of the Complaint as to the other Defendants.  To the extent a response is required,

14  Syntronic AB denies the allegations.

15      176.    Syntronic AB denies the allegations in paragraph 176 of the Complaint as to itself.

16  Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the

17  allegations in paragraph 176 of the Complaint as to the other Defendants.  To the extent a response is

18  required, Syntronic AB denies the allegations.

19      177.    Syntronic AB denies the allegations in paragraph 177 of the Complaint as to itself.

20  Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the

21  allegations in paragraph 177 of the Complaint as to the other Defendants.  To the extent a response is

22  required, Syntronic AB denies the allegations.

23      178.    Syntronic AB denies the allegations in paragraph 178 of the Complaint as to itself.

24  Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the

25  allegations in paragraph 178 of the Complaint as to the other Defendants.  To the extent a response is

26  required, Syntronic AB denies the allegations.

27

28

179.    Syntronic AB denies the allegations in paragraph 179 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

180.    Syntronic AB denies the allegations in paragraph 180 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

181.    Syntronic AB denies the allegations in paragraph 181 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

182.    Syntronic AB denies the allegations in paragraph 182 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

183.    Syntronic AB denies the allegations in paragraph 183 of the Complaint.

184.    Syntronic AB denies the allegations in paragraph 184 of the Complaint.

## **COUNT II**

(Circumvention of Copyright Protection Systems under 17 U.S.C. § 1201 Against All Defendants)

185.    Syntronic AB restates and incorporates by reference each of its responses set forth in the paragraphs above, as if fully set forth herein.

186.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 of the Complaint. To the extent a response is required, Syntronic AB denies the allegations.

187.    Syntronic AB denies the allegations in paragraph 187 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the

22

allegations in paragraph 187 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

188.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 of the Complaint. To the extent a response is required, Syntronic AB denies the allegations.

189.    Syntronic AB denies the allegations in paragraph 189 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

190.    Syntronic AB denies the allegations in paragraph 190 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

191.    Syntronic AB denies the allegations in paragraph 191 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

192.    Syntronic AB denies the allegations in paragraph 192 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

193.    Syntronic AB denies the allegations in paragraph 187 of the Complaint.

194.    Syntronic AB denies the allegations in paragraph 194 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

195.    Syntronic AB denies the allegations in paragraph 195 of the Complaint.

SYNTRONIC AB'S SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. 21-CV-3610-SI

196.    Syntronic AB denies the allegations in paragraph 196 of the Complaint.

## COUNT III

### (Breach of Contract Against All Defendants)

197.    Syntronic AB restates and incorporates by reference each of its responses set forth in the paragraphs above, as if fully set forth herein.

198.    Syntronic AB denies the allegations in paragraph 198 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

199.    Syntronic AB denies the allegations in paragraph 199 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

200.    Syntronic AB denies the allegations in paragraph 200 of the Complaint.

201.    Syntronic AB admits that on April 20, 2020 Plaintiff provided it with a list detailing MAC addresses, computer names, and associated domains for 64 different computers. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 201.

202.    Syntronic AB admits that it solicits and recruits engineers with experience in electronic design automation software, which includes, among other companies' software, Cadence's software. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 202.

203.    Syntronic AB admits that Björn Jansson told Plaintiff that Syntronic AB has used third party licenses for Plaintiff software, and that Plaintiff sent Syntronic AB a list of 64 computers. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 203.

204.    Syntronic AB denies the allegations in paragraph 204.

205.    Syntronic AB denies the allegations in paragraph 205 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 1205 of the Complaint as to the other Defendants. To the extent a response is required, Syntronic AB denies the allegations.

206.    Syntronic AB denies the allegations in paragraph 206.

207.    Syntronic AB denies the allegations in paragraph 207 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207 of the Complaint as to the other Defendants. To the extent a response is required, Syntronic AB denies the allegations.

208.    Syntronic AB denies the allegations in paragraph 208.

209.    Syntronic AB admits that Plaintiff has contacted it, including in February 2020, to inform Syntronic AB of purported unauthorized software use. Syntronic AB admits that Plaintiff sent it a draft complaint. Except as expressly admitted, Syntronic AB denies the allegations in paragraph 209.

210.    Syntronic AB denies the allegations in paragraph 210 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210 of the Complaint as to the other Defendants. To the extent a response is required, Syntronic AB denies the allegations.

211.    Syntronic AB denies the allegations in paragraph 211 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211 of the Complaint as to the other Defendants. To the extent a response is required, Syntronic AB denies the allegations.

212.    Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212. To the extent a response is required, Syntronic AB denies the allegations in paragraph 212 for at least the reason that Plaintiff cannot establish the existence of a valid and enforceable contract between it and Syntronic AB, a condition precedent to its underlying breach claim and its allegation of substantial performance, because there was no consideration to license Cadence Software and Plaintiff did not in fact "grant" a license to Syntronic AB pursuant to any "click" alleged in the Complaint, and the persons with whom Plaintiff purports to have contracted

did not have authority to bind Syntronic AB.  Moreover, Plaintiff failed to substantially perform any of its obligations under the SLMAs, *e.g.*, Dkt No. 26-1, including those that are conditions precedent, such as at least the following:  Plaintiff failed to grant a license pursuant section 1; Plaintiff failed to provide an invoice identifying the specific type of license granted, as called for in sections 1(A), (B); Plaintiff failed to provide "maintenance services," as required under section 11; Plaintiff failed to ship or provide access to a download of any Cadence Software prior to commencement of the SLMA, as required under section 12.

213.    Syntronic AB denies the allegations in paragraph 213 of the Complaint as to itself. Syntronic AB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213 of the Complaint as to the other Defendants.  To the extent a response is required, Syntronic AB denies the allegations.

214.    Syntronic AB denies the allegations in paragraph 214 of the complaint.

215.    Syntronic AB denies the allegations in paragraph 215 of the Complaint.

## PRAYER FOR RELIEF

1.    Syntronic AB denies that Plaintiff is entitled to any relief, including any request for a preliminary injunction as set forth in paragraph (a) of the prayer for relief.

2.    Syntronic AB denies that Plaintiff is entitled to compensatory or actual damages as set forth in paragraph (b) of the prayer for relief.

3.    Syntronic AB denies that Plaintiff is entitled to any relief sought in paragraph (c) of the prayer for relief.

4.    Syntronic AB denies that Plaintiff is entitled to any relief sought in paragraph (d) of the prayer for relief.

5.    Syntronic AB denies that Plaintiff is entitled to any relief sought in paragraph (e) of the prayer for relief.

6.    Syntronic AB denies that Plaintiff is entitled to any relief sought in paragraph (f) of the prayer for relief.

7.      Syntronic AB denies that Plaintiff is entitled to any relief sought in paragraph (g) of the prayer for relief.

8.      Syntronic AB denies that Plaintiff is entitled to any relief sought in paragraph (h) of the prayer for relief.

9.      Syntronic AB denies that Plaintiff is entitled to any relief sought in paragraph (i) of the prayer for relief.

10.     Syntronic AB denies that Plaintiff is entitled to any relief sought in paragraph (j) of the prayer for relief.

11.     Syntronic AB denies that Plaintiff is entitled to any relief sought in paragraph (k) of the prayer for relief

12.     Syntronic AB denies that Plaintiff is entitled to a jury trial.

## **AFFIRMATIVE DEFENSES**

Syntronic AB alleges and asserts the following affirmative defenses, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, Syntronic AB reserves all rights to allege additional supporting facts and/or affirmative defenses that become known through the course of discovery .

### **FIRST AFFIRMATIVE DEFENSE**

The Court lacks personal jurisdiction over Syntronic AB.  First, the Court lacks general personal jurisdiction over Syntronic AB.  Plaintiff has not alleged any facts regarding any continuous and systematic contacts with California and has failed to make a *prima facie* case that Syntronic AB is subject to general jurisdiction as an alter ego of another defendant.  Syntronic AB is a Swedish Privat Aktiebolag with its principal place of business at Utmarksvägen 33C, 802 91 Gävle, Sweden.  Syntronic AB does not otherwise conduct business in California, let alone business on such a scale so as to be "continuous and systematic."

Plaintiff's alter ego / single business enterprise theory of general jurisdiction, which attempts to attribute Syntronic USA's contacts to Syntronic AB, likewise fails.  Syntronic AB is a separately

1    formed Swedish company and filed appropriate paperwork according to the laws of Sweden.
2    Syntronic AB adopted and follows bylaws and adheres to corporate formalities, including holding
3    regular meetings of its board of directors and maintaining separate minutes of those meetings.
4    Syntronic AB has no involvement in the daily decision-making or operations of Syntronic USA or
5    Syntronic Beijing.  Day-to-day decision-making authority, including all hiring and firing decisions,
6    is vested with the management of Syntronic USA and Syntronic Beijing respectively.

7            Syntronic AB has no overlap in officers with either Syntronic Beijing or Syntronic USA.
8    The three boards of directors have minimal overlap, with only Bjorn Jansson, as representative of the
9    parent company, sitting on all three boards and Monica Jansson sitting on the board of Syntronic AB
10   and Syntronic Beijing.  Syntronic AB has no employees in common with either Syntronic Beijing or
11   Syntronic USA.  Syntronic AB manages its own payroll, and pays its own employees from its own
12   accounts.  Syntronic AB does not pay the salaries of any employee of Syntronic Beijing or Syntronic
13   USA.

14           Syntronic AB has a separate principal place of business and is responsible for its own leases.

15           Syntronic AB does not comingle its funds with either Syntronic Beijing or Syntronic AB.
16   Syntronic AB maintains its own separate bank account to which neither other Defendant has direct
17   access.  Syntronic AB does not have direct access to any bank account of either Syntronic Beijing or
18   Syntronic AB.  Syntronic AB has no bank accounts in the United States.  Syntronic AB regularly
19   audits its financial information, and retains a different accounting firm than either Syntronic USA or
20   Syntronic Beijing.

21           Syntronic AB does not hold itself out as liable for or guarantee the debts of either Sytrnonic
22   Beijing or Syntronic USA.  Syntronic AB has no indemnity or guarantee agreements with their other
23   Defendant.  All loans between Syntronic AB and its subsidiaries have been properly documented.

24           The Court also lacks specific personal jurisdiction over Syntronic AB.  Plaintiff's purposeful
25   direction theory of specific jurisdiction fails.  All of the alleged conduct at issue in this case took
26   place outside of this forum and outside of the United States.  Plaintiff has identified only two
27   computers that purportedly support its claims that Syntronic AB purposefully directed its activities

28

to this forum.  Those two computers are insufficient.  One, the two computers did not belong to Syntronic AB.  Two, the two computers were in fact located outside of the United States.  Indeed, Plaintiff's own "phone home" data includes information that confirms that those two computers were in fact connected to the internet and located in China.  Thus, even if the two computers did belong to Syntronic AB,, those two computers' transitory connection to Los Angeles via a proxy/VPN server is insufficient to establish a purposeful direction theory of specific jurisdiction.

Plaintiff's forum selection clause theory of specific jurisdiction fails. Syntronic AB never entered any "click wrap" agreement containing a forum selection clause and has not authorized any employee, explicitly or implicitly, to bind Syntronic AB to any such forum selection clause. Syntronic AB has an IT/Information Security Policy that prohibits its employees from using unlicensed software or "cracked" licenses.  That policy requires that all software used in the course of employment must be licensed and approved by Syntronic AB.  No Syntronic AB employee has received approval to click on or enter into any agreement with Plaintiff.  To the extent any employee clicked on any "click wrap" agreement containing a forum clause, that employee did so without authorization, contrary to company policy, and outside of the scope of that employee's employment.

Finally, Syntronic AB has not otherwise directed any commercial activities at or into California related to the allegations in the Complaint.  Syntronic AB conducts no business in the United States, sells no services or goods in the United States, owns or leases no property in the United States, has no bank accounts in the United States, has never initiated a lawsuit in the United States, and is not registered to conduct business in any state.

## SECOND AFFIRMATIVE DEFENSE

First, the Court lacks subject matter jurisdiction over Plaintiff's copyright claims in this action.  Copyright law applies only to conduct within the United States.  There were no acts of copyright infringement, or circumvention of copyright protection systems that occurred in the United States.  Even if computers associated with Syntronic AB employees used software without authorization, which Syntronic AB denies, the computers were at all times located and operated

1    outside of the United States.

2            Courts are divided on whether to treat this "territoriality" requirement as an issue of subject

3    matter jurisdiction or as an element of Plaintiff's substantive claims.  As courts in this district have

4    explained, "[t]he Ninth Circuit has treated arguments about the extraterritorial effect of the

5    Copyright Act both ways." *Shropshire v. Canning*, 809 F. Supp. 2d 1139, 1143 (N.D. Cal. 2011).

6    Regardless of how this defense is asserted, there is no question that territoriality implicates the

7    Court's subject matter jurisdiction because courts will not adjudicate alleged copyright violations

8    that occurred outside of the United States.

9            Second, the Court lacks subject matter jurisdiction over Plaintiff's breach of contract claim.

10   Without Plaintiff's copyright claims, the Court lacks federal question jurisdiction, and the absence of

11   complete diversity precludes diversity jurisdiction.  The Court would thus lack independent subject-

12   matter jurisdiction over the remaining breach of contract claim, and any supplemental jurisdiction

13   over the claim would be solely discretionary and courts typically decline to exercise jurisdiction in

14   such cases.

15                              **THIRD AFFIRMATIVE DEFENSE**

16           Plaintiff's claims based upon vicarious or secondary liability are barred because Syntronic

17   AB does not have the right or ability to control the alleged primary infringement.  Syntronic AB did

18   not authorize the use of any unlicensed software, from Plaintiff or otherwise, and explicitly prohibits

19   such use in its IT policy.  Syntronic AB does not and did not have any knowledge of or control over

20   any employee or employees, current or former, who violated company IT policies.  Additionally,

21   Syntronic AB does not and did not exercise control over the conduct of Syntronic Beijing or

22   Syntronic USA and cannot be vicariously liable for the conduct of either Defendant.  As outlined

23   above, Syntronic AB is a separate and distinct legal entity apart from both Syntronic Beijing or

24   Syntronic USA.

25           Additionally, if any unauthorized software use occurred, at least some may have involved

26   employees engaged in work beyond the scope of the employee's employment and outside of

27   activities that Syntronic AB could control or for which it could be liable.  Indeed, based on

28

                                                30

Plaintiff's "phone home" data, it appears that at least twenty computers alleged to have used unauthorized versions of Cadence software may have connected to Syntronic Beijing's network but did not belong to Syntronic AB. Syntronic AB never exercised control of any such computers, any activities performed on those computers was not within the scope of Syntronic AB's business and did not benefit Syntronic AB, and Syntronic AB therefore cannot be liable for them either directly or vicariously or contributorily.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims based upon vicarious or secondary liability are barred because Syntronic AB did not obtain a direct financial benefit from the alleged primary infringement and did not encourage or induce the alleged primary infringement.  Syntronic AB had no control over any of the allegedly-infringing computers, had no knowledge of any infringement, and did not at any point authorize any employee to use Plaintiff's software without authorization.  Syntronic AB likewise did not material contribute to any alleged infringing activity.

Syntronic AB has at times advertised for and hired employees with experience using Plaintiff's software without itself holding licenses for the software because Syntronic AB works with clients who themselves have legitimate licenses to various types of electronic design automation software, including, sometimes, Plaintiff's software.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations under 17 U.S.C. § 507.  Plaintiff filed suit on May 13, 2021. In its Complaint Plaintiff has accused Defendants of misconduct going back to 2014, which on its face is outside the statute of limitations for copyright claims or for a breach of written contract claim.  Plaintiff's Complaint is silent as to whether it relies on alleged misconduct outside of the respective statutes of limitations, either for liability purposes or in calculating its alleged damages.

In fact, Plaintiff knew or should have known of alleged misuse as early as 2014.  Plaintiff's "phone home" data includes data on alleged unauthorized usage of Cadence Software beginning on January 26, 2014.  Plaintiff has direct access to its own "phone home" data, which provided Plaintiff

sufficient information such that Plaintiff was or should have been aware of the alleged unauthorized use as of as January 2014.  Indeed, the domain names associated with those alleged 2014 uses include the name "Syntronic," which is the exact information Plaintiff relies on throughout its Complaint to assert that Defendants are responsible for the alleged unauthorized use of Plaintiff's software.  Dkt. No. 26, ¶¶ 116-121, 140, 142. Plaintiff therefore knew or should have known about the alleged unauthorized use of its software as of at least January 26, 2014.  Yet, Plaintiff did nothing for six years before finally contacting Defendants in February 2020.

The alleged unauthorized use, by itself or as evidence that Defendants breached Plaintiff's SLMA licenses, is the basis of all three of Plaintiff's causes of actions. All of Plaintiff's claims therefore accrued in January 2014 when Plaintiff learned, or should have learned, about the alleged unauthorized use and corresponding alleged breach of the SLMA licenses.

To the extent that any theory of liability or damages relies on conduct commenced outside of the statute of limitations, it is foreclosed.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.  Plaintiff seeks equitable relief in its Prayer for Relief, including restitution, and seeks the equitable remedy of alter ego, thus making laches an available affirmative defense.  As the Supreme Court has explained, Plaintiff's delay can always be brought to bear at the remedial stage, in determining appropriate injunctive relief, and in assessing the profits of the infringer attributable to the copyright infringement.  Plaintiff seeks both injunctive relief and Defendants' profits.  Dkt. No. 26, ¶¶ 183-84.

Moreover, Plaintiff relies heavily on the equitable claim of alter ego in an effort to hold all Defendants liable. *Id.* at ¶ 6.  Alter ego is an equitable remedy.  Laches is an equitable defense.  Equitable defenses are available to equitable remedies.

Plaintiff unreasonably delayed in bringing this action and the circumstances regarding that delay are extraordinary and have prejudiced Defendants.  Rather than contact Defendants upon the first purported unauthorized use of its software in January of 2014, and despite knowing that there was no license agreement with Syntronic AB, Plaintiff did nothing..  Moreover, Plaintiff knew exactly who Defendants were and had a direct business relationship with at least one of Defendants' affiliates as of 2014 (and later, two of them) that *licensed and paid for* Plaintiff' software.  Yet, Plaintiff did nothing.  It did nothing in 2014.  It did nothing in 2015. It did nothing in 2016.  It did nothing in 2017.  It did nothing in 2018.  It did nothing in 2019.  Finally, six years later and in the middle of a global pandemic, Plaintiff contacted Defendants. This delay was not inconsequential, and it has unfairly prejudiced Defendants.  Rather than contact Defendants and notify them of conduct that, if true, would have been contrary to Defendants' policies and business practices and contrary to Plaintiff's experience with Defendants' affiliates, Plaintiff sat on its rights for fully six years and unnecessarily allowed damages to accrue and relevant computers and witnesses to be cycled out of use and relevant witnesses to move on from Syntronic Beijing.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff have sustained damages by reason of the allegations in the Complaint, which is expressly denied, Plaintiff may not recover damages because by its own acts and omissions it has failed to properly mitigate such damages.  Despite having knowledge of alleged unauthorized use of its software in 2014, Plaintiff waited more than six years to contact any Defendant about the purported copyright infringement and breach of contract and, as a direct result, many of the computers potentially at issue have been cycled out of use in the regular course of Syntronic Beijing's business.  If Plaintiff had contacted Defendants in early 2014 Plaintiff could have avoided years of alleged damages because Defendants could have investigated and put an end to any violations of Defendants' internal IT policies and/or business practices that led to damages to Plaintiff.

33

Plaintiff could have and should have made reasonable and practical efforts to avoid incurring unnecessary damages.  Plaintiff has at all relevant times known exactly who Defendants are.  Indeed, since at least 2012 – before the first alleged unauthorized use in 2014 – Plaintiff has entered into *multiple* license agreements with at least *two* of Defendants' affiliates, both of whom also use "Syntronic" in their business name.  Defendants' affiliates clearly pay for their use of Cadence Software, so Plaintiff should have known that any evidence of unauthorized use by Defendants was an aberration.  Plaintiff needed to do no more than contact one of its direct customers, Defendants' affiliates.  Plaintiff could have taken these reasonable and practical efforts without surrendering any rights and without any undue burden.  Yet, despite having knowledge of Defendants and direct business relationships with their affiliates, Plaintiff did nothing.

Thus, Plaintiff's failure to make reasonable efforts, or any effort at all, to mitigate its damages for over six years precludes Plaintiff from collecting all of its claimed damages and at least an award of unjust enrichment and from an award of most, if not all, of any consequential damages.  Additionally, Plaintiff's failure to take any steps to mitigate damages despite being aware of the purported breaches of the SLMAs as early as January, 2014 precludes Plaintiff from recovering damages on its breach of contract claims.

Moreover, even after Plaintiff made contact with Defendants in February of 2020, Plaintiff never identified when or where the supposed unauthorized use took place or who did it, protracting and complicating any investigation into the validity of the Plaintiff's claims.  In fact, Plaintiff did not identify any specific computers until February 5, 2020, when it identified only five computers. Plaintiff did not identify the full list of computers that it contends used unauthorized software until April 20, 2020.

**EIGHTH AFFIRMATIVE DEFENSE**

Pursuant to 17 U.S.C. § 412, Plaintiff's claims for statutory damages and attorneys' fees are barred in whole or in part to the extent that the works asserted by Plaintiff are not registered with the U.S. Copyright Office. The copyright registrations attached to the Complaint raise questions about whether at least some portion of any infringement predates the registration of the works, and thus bars

34

1    statutory damages and attorneys' fees.

2         For example, Plaintiff attached as Exhibit 10 to the Complaint the registration of the "OrCAD

3    17.2" work, which has an effective registration date of April 6, 2017 and a purported publication date

4    of April 8, 2016.  Under § 412, Plaintiff cannot recover statutory damages or attorneys' fees for

5    infringement of this copyright that "commenced" prior to April 6, 2017.  Other registrations that

6    Plaintiff attached to the Complaint show similar and sometimes even greater gaps between the

7    registration date and the purported publication date.

8    **NINTH AFFIRMATIVE DEFENSE**

9         Plaintiff's breach of contract claim fails for lack of consideration, meeting of the minds, and/or

10   formation.  Plaintiff has alleged unlicensed and unauthorized use of its software without payment.  The

11   SLMAs upon which Plaintiff relies for its breach claim contemplate that Plaintiff would, among many

12   other thing, grant a license to its software upon entry or "click" through of the SLMA.  Because the

13   alleged use of the software was purportedly without authorization, Plaintiff did not in fact grant a

14   license pursuant to the terms of the SLMA.  Accordingly, any SLMA to which any Defendant or

15   employee allegedly clicked "I accept the terms of the license agreement" was without consideration

16   and, there was no meeting of the minds, so Plaintiff did not grant a license, and no valid contract was

17   formed.  Neither Plaintiff nor the person who allegedly "clicked" on the SLMA intended to enter into

18   a contract. In fact, Plaintiff does not even plead the existence of a valid and enforceable SLMA contract

19   in its Complaint, which is a pleading requirement.  Nor could it, as the terms of the SLMA would

20   require Plaintiff to have granted a license to the person(s) who clicked "I accept" and Plaintiff denies

21   granting such a license.

22

23   **TENTH AFFIRMATIVE DEFENSE**

24        Plaintiff's breach of contract claim fails for lack of authority to enter a contract.  Defendants

25   did not enter any contract or SLMA with Plaintiff.  Indeed, Plaintiff has been unable to produce a

26   single contract with any Defendant.  All of the persons alleged to have "clicked" or entered into any

27   SLMA's were Syntronic Beijing engineers who did not have actual or ostensible authority to bind

28   Defendants.  Defendants did not authorize or ratify, either expressly or impliedly, those persons to

1  enter the SLMA or any agreement with Plaintiff on Defendants' behalf.  Moreover, Defendants

2  maintain IT security policies that prohibit the use of third-party software without approval.  Defendants

3  did not approve any engineer to "click" or enter any SLMA to use Cadence software.  Any engineer

4  that did "click" on a SLMA did so without approval and contrary to Defendants' IT security policies.

5  ## PRAYER FOR RELIEF

6  **WHEREFORE,** Syntronic AB requests that this Court grant judgment in its favor and against

7  Plaintiff and award to Syntronic AB:

8      1.     a judgment in favor of Syntronic AB denying Plaintiff all relief requested in

9             their Complaint and dismissing the Complaint with prejudice;

10     2.     pre-judgment interest as may be provided by law;

11     3.     reasonable and necessary attorneys' fees and costs of court through trial and

12            appeal of this action; and,

13     4.     such other and further relief to which Syntronic AB may be entitled.

14  ## DEMAND FOR A JURY TRIAL

15  Syntronic AB hereby demands a jury trial on all issues and claims so triable.

18  **K&L GATES LLP**

20  Dated:  February 25, 2022          By:  */s/ Jason N. Haycock*

22                                          Edward P. Sangster
                                            edward.sangster@klgates.com
23                                          Jason N. Haycock
                                            jason.haycock@klgates.com
24                                          **K&L GATES LLP**
                                            4 Embarcadero Center, Suite 1200
25                                          San Francisco, CA 94111-5994
                                            jason.haycock@klgates.com
26                                          415.882.8200 t
27                                          415.882.8220 f

36

Jeffrey C. Johnson
jeff.johnson@klgates.com
Paul J. Bruene
paul.bruene@klgates.com
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
206.623.7580 t
206.623.7022 f
(*pro hac vice*)

*Attorneys for Defendants Syntronic AB,
Syntronic Research and Development USA Inc.,
and Syntronic (Beijing) Technology R&D
Center Co., LTD.*

SYNTRONIC AB'S SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; CASE NO. 21-CV-3610-SI