UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br> Plaintiff, <br> v. <br> SYNTRONIC AB, et al., <br> Defendants. | Case No. 21-cv-03610-SI <br><br> **ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES** <br> Re: Dkt. No. 95 |

Before the Court is plaintiff Cadence Design Systems, Inc.'s ("Cadence") Motion to Strike defendants' affirmative defenses of laches and failure to mitigate damages included in defendants' answer to plaintiff's First Amended Complaint ("FAC"). Dkt. No. 95 (Motion); Dkt. No. 106 (Answer). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and therefore VACATES the hearing set for May 13, 2022. For the reasons below, the motion is DENIED.

## BACKGROUND

Plaintiff Cadence makes and licenses software tools used to design integrated circuits and printed circuit boards. Dkt. No. 1 ¶¶ 84-85 (FAC). On May 13, 2021, Cadence filed this action for federal copyright infringement, circumvention of copyright protection systems, and breach of contract. Dkt. No. 1 (Original Complaint). Cadence accuses defendants Syntronic AB, Syntronic Research and Development USA Inc. ("Syntronic USA"), and Syntronic (Beijing) Technology R&D Center Co. ("Syntronic Beijing") (collectively, "Syntronic") of, among other things, obtaining, copying, and using Cadence's software tools without authorization or valid license files. Dkt. No. 26 ¶¶ 125-132 (FAC).

Cadence filed the FAC on July 28, 2021. Dkt. No. 26 (FAC). In its copyright infringement claim, Cadence stated it "has no adequate remedy at law. Cadence is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502." *Id.* ¶ 183. In its circumvention of copyright protection systems claim, Cadence similarly stated it "has no adequate remedy at law. Cadence is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 1203." *Id.* ¶ 195. In its breach of contract claim, Cadence stated it "is entitled to injunctive relief." *Id.* ¶ 215. In its prayer for relief, Cadence requested injunctive relief

> [r]equiring each of Syntronic AB, Syntronic USA, and Syntronic Beijing to deliver upon oath, to be impounded during the pendency of this action, all infringing copies of Cadence's copyrighted works, any unauthorized software used to circumvent the licensing restrictions on the Cadence Software, and ***any products produced, designed, or manufactured***, in part or in whole, with or in conjunction with the Cadence software; and that an order of impoundment and/or seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act and by the United States Supreme Court Copyright Practice Rules (1909); and that at the conclusion of this action, the Court shall order all such materials so held to be surrendered to Cadence or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper;

*Id.* at 26-27[1] (emphasis added).

Defendants filed answers with affirmative defenses, including laches and failure to mitigate damages, with each affirmative defense supported by a single conclusory sentence. Dkt. Nos. 58-60 (Answers). On October 21, 2021, Cadence filed a motion to strike Syntronic's affirmative defenses. Dkt. No. 61 (First Motion to Strike). Cadence's first motion to strike attacked Syntronic's laches and failure to mitigate defenses as insufficiently pled. *Id.* at 17, 18-19. On December 13, 2021, the Court granted Cadence's motion to strike Syntronic's affirmative defenses without prejudice, giving defendants leave to amend their answers. Dkt. No. 71 (Order Granting First Motion to Strike).

On January 14, 2022, defendants filed first amended answers ("FAA"). Dkt. Nos. 76-78 (FAAs) in which they alleged Cadence first knew about the "purported unauthorized use of its software in **2016**," more than four years prior to filing suit. Dkt. No. 76 at 33 (Syntronic AB FAA) (emphasis added). However, on February 25, 2022, after further meeting and conferring, defendants

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right corner of the page.

2

filed second amended answers ("SAA").  Dkt. Nos. 90-92.  In its laches defense (SAA Sixth Affirmative Defense), Syntronic AB now argues Cadence first discovered unauthorized use "in **January of 2014**."  Dkt. No. 90 at 34 (Syntronic AB SAA) (emphasis added).  In its failure to mitigate defense (SAA Seventh Affirmative Defense), Syntronic AB similarly states Cadence had "knowledge of alleged unauthorized use of its software in 2014."[2]  *Id.*

On March 18, 2022, Cadence filed a motion to strike all defendants' laches and failure to mitigate affirmative defenses.  Dkt. No. 95 (Second Motion to Strike).

## LEGAL STANDARD

Rule 12(f) provides the "means to excise improper materials from pleading," *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010), including any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  However, courts will generally "grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *Ewing v. Nova Lending Sols., LLC*, No. 20-CV-1707-DMS-KSC, 2020 WL 7488948, at *2 (S.D. Cal. Dec. 21, 2020); *Arthur v. Constellation Brands, Inc.*, No. 16-CV-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016) ("If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits.").

Under Rule 8(b)(1), a defendant's answer must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1).  Denials must also "fairly respond to the substance of the allegation."  Fed. R. Civ. P. 8(b)(2).

"Courts are split," however, as to "whether affirmative defenses are subject to the heightened

---

[2] Syntronic USA's SAA uses identical language, though laches is its Fifth affirmative defense and failure to mitigate is its Sixth affirmative defense.  Dkt. No. 92 at 31, 32-33.  Syntronic Beijing's SAA uses identical language, though laches is its Seventh affirmative defense and failure to mitigate is its Eighth affirmative defense.  Dkt. No. 91 at 33-35.

standard" of plausibility-pleading articulated in *Twombly* and *Iqbal*. *Mc Elmurry v. Ingebritson*, No. 2:16-CV-00419-SAB, 2017 WL 9486190, at *2 (E.D. Wash. Aug. 14, 2017). *Compare Barnes*, 718 F. Supp. 2d 1167, 1172 (applying the heightened standard to affirmative defenses), with *Mc Elmurry*, 2017 WL 9486190, at *2 (observing "numerous other courts within the Ninth Circuit hold that the heightened standard should not apply to affirmative defenses and instead [hold] that a plaintiff be given 'fair notice' of the defense."). Under the predominant approach in the Ninth Circuit, a fairly noticed affirmative defense must describe a defense in "general terms" by identifying the legal theory on which the defense rests, *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), and "need not assert facts making it plausible." *Mc Elmurry*, 2017 WL 9486190 at *2 (further observing "courts have even held that boilerplate affirmative defenses are appropriate prior to discovery.").

## DISCUSSION

Cadence's motion to strike concerns two of Syntronic's affirmative defenses: laches and failure to mitigate damages. Syntronic raises each of these affirmative defenses to all three of Cadence's claims. Cadence's first and second claims, for copyright infringement under 17 U.S.C. §§ 501, 502 and for circumvention of copyright protection systems under 17 U.S.C. §§ 1201, 1203, are governed by federal copyright law. Cadence's third claim, for breach of contract, is governed by California state law.

### I. Laches Affirmative Defense
#### A. Copyright Claims

Both copyright claims are subject to the same express three-year statute of limitations. 17 U.S.C. § 507(b). Thus, the analysis of the laches affirmative defense is identical for each claim.

In 2014, the Supreme Court weighed in "to resolve a conflict among the Circuits on the application of the equitable defense of laches to copyright infringement claims brought within the three-year look-back period prescribed by Congress." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 676 (2014). The *Petrella* Court found laches was unavailable for copyright claims at law

4

and only available for claims in equity in "extraordinary circumstances." *Id.* at 685. To illustrate such extraordinary circumstances, the Court cited *Chirco v. Crosswinds Communities, Inc.*, 474 F.3d 227 (6th Cir. 2007), in which a housing developer defendant infringed the plaintiff's copyrighted architectural design. *Id.* at 685-86. The key extraordinary circumstance in *Chirco* was neither the plaintiffs' delay in asserting their copyright nor their knowledge of the defendants' infringement, but instead the plaintiff's demand for destruction of 168 completed housing units, "109 of which were occupied." *Id.*

Here, two key facts make the laches defense applicable at this stage of litigation. First, Syntronic alleges Cadence knew about Syntronic's infringing activity in 2014, six years prior to filing suit. Dkt. No. 90 at 34 (Syntronic AB SAA). Second, and most importantly, Cadence's FAC includes a demand not only for money damages and injunctive relief, but also for the impounding and destruction of any products produced, designed, or manufactured using Cadence's software. Dkt. No. 26 at 26-27 (FAC). Cadence may well prevail on this issue in a motion for summary judgment, but the question of whether extraordinary circumstances exist is full of factual issues and cannot be decided on this motion to strike. Thus, Cadence's motion to strike the laches defense is DENIED with respect to the copyright claims.

**B. California Breach of Contract Claim**

In California, a claim for breach of contract is subject to an express four-year statute of limitations. Cal. Civ. Proc. Code § 337. This statute of limitations does not completely bar the laches defense from breach of contract claims, however.

"Under California law, laches is available as a defense only to claims sounding in equity, not to claims at law." *Wyler Summit Pshp. v. Turner Broad. Sys.*, 235 F.3d 1184, 1193 (9th Cir. 2000) (citing *Wells Fargo Bank, N.A. v. Bank of America NT & SA*, 32 Cal. App. 4th 424 (Cal. Ct. App. 1995)). "The legal or equitable nature of a cause of action is ordinarily determined by the remedy sought." *Wyler Summit*, 235 F.3d at 1194.

Here, Cadence has requested "injunctive relief" in its breach of contract cause of action. Dkt. No. 26 at 26 (FAC). Taking the allegations in Syntronic's affirmative defense as true,

Cadence's request for injunctive relief makes its breach of contract claim equitable, enabling the equitable defense of laches. Thus, Cadence's motion to strike the laches defense is DENIED with respect to the breach of contract claim.

## II.     Failure to Mitigate Damages Affirmative Defense

### A.     Copyright Claims

At least one district court in California has granted a motion to strike an affirmative defense of failure to mitigate damages to a claim of copyright infringement. *Interscope Recs. v. Time Warner, Inc.*, No. CV101662SVWPJWX, 2010 WL 11505708, at *15-16 (C.D. Cal. June 28, 2010). In *Interscope*, the court found the failure to mitigate defense, based solely on "plaintiff's acquiescence to defendant's infringement or its failure to object to such infringement," redundant with defenses based on the statute of limitations and laches (*Interscope* was decided pre-*Petrella*, and firmly denied plaintiff's motion to strike the laches defense). *Id.* Currently, the Court finds it unnecessary to strike the affirmative defense on the basis of redundancy with other legal arguments.

Cadence cites a motion for summary judgment, granted with respect to a failure to mitigate affirmative defense because the plaintiff "had no duty to warn [defendants] not to violate copyright law." *Home Design Servs., Inc. v. Trumble*, No. 09-CV-00964-WYD-CBS, 2011 WL 843900, at *3 (D. Colo. Mar. 8, 2011). Cadence may well succeed on a motion for summary judgment on this theory, but at this time, on this record, the Court shall not foreclose discovery. Thus, Cadence's motion to strike the failure to mitigate defense is DENIED with respect to the copyright claims.

### B.     California Breach of Contract Claim

The defense of failure to mitigate damages is cognizable in California contract law and typically "comes into play when the event producing injury or damage has already occurred and it then has become the obligation of the injured or damaged party to avoid continuing or enhanced damages through reasonable efforts." *Valle de Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691 (1994). The defense can apply to a plaintiff's efforts to avoid repeated injuries, but is more often applied to a plaintiff's consequential damages, e.g. a duty of a landowner to take reasonable efforts

6

to irrigate farmland during a dispute over the contract price of water. *Id.* (citing *Henrici v. S. Feather Land & Water Co.*, 177 Cal. 442 (1918)).

Cadence argues (1) it did not have a duty to mitigate breaches prior to their occurrence, and (2) notifying Syntronic would do nothing to mitigate previous breaches, rendering the mitigation of damages defense inapplicable. Dkt. No. 95 at 13-14 (Motion). But, again, Cadence seeks remedies not only for breaches of its software license agreements, but also for products designed using its software during the relevant time period. Dkt. No. 26 at 26-27 (FAC). Thus, Syntronic plausibly, for now, alleges an "unwarranted piling up of damages." *Valle de Oro Bank*, 26 Cal. App. 4th at 1694. Therefore, Cadence's motion to strike the failure to mitigate defense is DENIED with respect to the breach of contract claim.

## CONCLUSION

For the reasons stated, Cadence's motion to strike Syntronic's affirmative defenses of laches and failure to mitigate damages is DENIED.

**IT IS SO ORDERED**.

Dated: May 3, 2022

SUSAN ILLSTON
United States District Judge