EDWARD P. SANGSTER, Bar No. 121041
edward.sangster@klgates.com
JASON N. HAYCOCK, Bar No. 278983 jason.haycock@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

JEFFREY C. JOHNSON, *pro hac vice*
jeff.johnson@klgates.com
PAUL J. BRUENE, *pro hac vice*
paul.bruene@klgates.com
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: + 1 206 623 7580
Facsimile: + 1 206 623 7022

*Attorneys for Defendants Syntronic AB, Syntronic Research and Development
USA Inc., and Syntronic (Beijing) Technology R&D
Center Co., LTD.*

被告 Syntronic AB, Syntronic Research and Development USA Inc.，新拓尼
克（北京）科技研发中心有限公司的律师

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

美国加利福尼亚北区法院

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., a Delaware corporation, <br> CADENCE DESIGN SYSTEMS, INC., 一家特拉华州公司, <br> Plaintiff, <br> 原告 <br> v. <br> SYNTRONIC AB, a Publikt Aktiebolag, SYNTRONIC RESEARCH AND DEVELOPMENT USA INC., a California corporation, SYNTRONIC (BEIJING) TECHNOLOGY R&D CENTER CO., LTD., a Chinese Corporation, <br> Syntronic AB，一家瑞典公共有限责任公司；Syntronic Research and Development USA Inc.，一家加利福尼亚州公司；新拓尼克（北京）科技研发中心有限公司，一家中国公司, <br> Defendants. <br> 被告。 | Case No. 3:21-cv-03610-SI (JCS) <br> 案件编号：3:21-cv-03610-SI (JCS) <br><br> DECLARATION OF DANDAN "CATHERINE" LIU IN SUPPORT OF SYNTRONIC BEIJING'S MOTION FOR RECONSIDERATION OF APRIL 15, 2022 ORDER (ECF NO. 117) <br> 刘丹丹关于支持新拓尼克北京公司复议法院 2022 年 4 月 15 日命令的动议的声明**(ECF NO. 117)** |

1   I, Dandan "Catherine Liu," declare as follows:

2

3   本人，刘丹丹，声明如下：

4   1.     I am over 18 years old and I am competent to make this declaration based upon my

5   personal knowledge.

6

7   本人已年满 18 岁，有能力根据本人的知识作出此声明。

8   2.     I am a partner at Grandall Law Firm (Beijing) with 8 years of experience as a

9   practicing lawyer in China. I graduated from China University of Mining and Technology with a

10   Bachelor Degree of Law, and graduated from East China University of Political Science and Law

11   with a Master Degree of International Law, and graduated from Georgetown University Law

12   Center with a Master Degree of International Business and Economic Law. My specialty is

13   counseling foreign enterprises and foreign invested enterprises to comply with Chinese law,

14   including data & privacy laws in China.  My professional biography is attached as Exhibit A. I

15   submit this declaration regarding the compliance requirements of relevant Chinese data security

16   and personal information protection laws and regulations, in support of Syntronic Beijing's

17   Motion for Reconsideration of the Court's April 15, 2022 order (ECF No. 117).

18

19   我是国浩律师（北京）事务所的合伙人，拥有 8 年的中国执业律师经验。我毕业于

20   中国矿业大学，获得法学学士学位；毕业于华东政法大学，获得国际法硕士学位；毕业于

21   美国乔治城大学法学院，获得国际商法与经济法学硕士学位。我的专长是为外商投资企业

22   在中国的包括数据隐私合规等合规运营提供法律服务。本人的职业履历请见附件一。本人

23   就关于遵守中国数据安全和个人信息保护相关法律法规要求提交本声明，以支持新拓尼克

24   北京公司复议法院 2022 年 4 月 15 日命令的动议 (ECF No. 117)。

25   **I.     Background 背景**

26

27   3.     I understand that on April 15, 2022, the Court ordered Defendants to deliver 24

28   computers located in China to the United States for inspection.

据本人了解，2022 年 4 月 15 日，法院命令被告将 24 台位于中国的计算机交付至美国以供检查。

4.    I also understand that these 24 computers are assets of Syntronic Beijing, a Chinese company, and that the users and former users of these computers are citizens of China.

本人也了解，该 24 台计算机属于一家中国公司新拓尼克北京的资产，且该 24 台计算机的使用者和曾经使用者均为中国公民。

5.    I further understand that these 24 computers contain or may contain[1] personal information, such as the user/employee's name, date of birth, citizen ID card number, pay stubs, performance reviews, medical records, and/or personal whereabouts as part of China's COVID tracking protocol.  *See* Xueming Chen Decl. ¶¶ 8-13.

本人进一步了解，这 24 台计算机包含或可能包含个人信息，例如用户/员工的姓名、出生日期、公民身份证号码、工资单、绩效考核、医疗记录和/或作为中国 COVID 追踪协议一部分的个人行踪。参见陈雪明的声明第 8-13 段。

6.    Therefore, these computers include data generated or stored in China and/or the personal information of its employees. Shipping these computers from China to the United States constitutes cross-border transmission of data and employee personal information, so Syntronic Beijing must comply with the approval and/or compliance requirements of relevant Chinese laws and regulations.

因此，这些计算机中包含在中国产生或存储的数据和/或员工的个人信息。将这些计算机从中国运往美国构成数据和员工个人信息的跨境传输，因此新拓尼克北京必须遵守相关中国法律法规的批准和/或合规要求。

---

[1] I understand that 10 of the 24 computers have been reformatted but it is possible that the contents be recovered.  *See* Xueming Chen Decl. ¶ 16.
本人理解 24 台计算机中的 10 台已经被格式化了，但是其中的数据仍然可能被恢复。参见陈雪明的声明第 16 段。

II.     **Applicable Chinese Laws and Regulations** 中国适用法律法规

1.      **Definition of "Personal Information" and "Data"**

"个人信息"和"数据"的定义

7.      Article 1034 of the Civil Code of P.R.C. provides: "Personal information refers to all kinds of information recorded by electronic or otherwise that can be used to independently identify or be combined with other information to identify specific natural persons, including the natural persons' names, dates of birth, ID numbers, biometric information, addresses, telephone numbers, e-mail addresses, health information, whereabouts, etc. For the confidential information included in personal information, the relevant provisions on the right to privacy shall apply; if no provisions are available, the provisions on personal information protection shall apply."

《民法典》第 1034 条规定： "个人信息是以电子或者其他方式记录的能够单独或者与其他信息结合识别特定自然人的各种信息，包括自然人的姓名、出生日期、身份证件号码、生物识别信息、住址、电话号码、电子邮箱、健康信息、行踪信息等。个人信息中的私密信息，适用有关隐私权的规定；没有规定的，适用有关个人信息保护的规定。"

8.      Article 3 of Data Security Law of P.R.C ("DSL") provides: "For the purpose of this Law, the term 'data' refers to any recording of information by electronic or other means."

《数据安全法》第 3 条规定： "本法所称数据，是指任何以电子或者其他方式对信息的记录。"

2.      **Cross-Border Transmission of Employees' Personal Information** 跨境提供员工个人信息

(1)     Separate Consent of Employee 员工单独同意

9.      With respect to cross border transmission of employees' personal information and data, separate consent of affected individuals shall be obtained by the processor according to the following laws and regulations of China:

涉及跨境提供员工个人信息的，信息处理者应根据下列中国法律规定取得该员工的单独同意：

10.     Article 39 of Personal Information Protection Law of P.R.C ("PIPL"): "To provide the personal information of an individual to an overseas recipient outside the territory of the People's Republic of China, the personal information processor shall inform the individual of such matters as the name of the overseas recipient, contact information, purpose and method of processing, type of personal information and the method and procedure for the individual to exercise the rights stipulated herein against the overseas recipient, and shall obtain the individual's separate consent."

《个保法》第 39 条：“个人信息处理者向中华人民共和国境外提供个人信息的，应当向个人告知境外接收方的名称或者姓名、联系方式、处理目的、处理方式、个人信息的种类以及个人向境外接收方行使本法规定权利的方式和程序等事项，并取得个人的单独同意。”

(2)     Approval of Competent Authority 主管机关批准

11.     Article 41 of PIPL: "The competent authorities of the People's Republic of China shall, in accordance with the relevant laws and the international treaties and agreements concluded or acceded to by the People's Republic of China or under the principles of equality and mutual benefit, handle the requests made by foreign judicial or law enforcement authorities for providing the personal information stored within the territory of China. Without the approval of the competent authorities of the People's Republic of China, no personal information processor may provide the personal information stored within the territory of the People's Republic of China to foreign judicial or law enforcement authorities."

《个保法》第41条："中华人民共和国主管机关根据有关法律和中华人民共和国缔结或者参加的国际条约、协定，或者按照平等互惠原则，处理外国司法或者执法机构关于提供存储于境内个人信息的请求。非经中华人民共和国主管机关批准，个人信息处理者不得向外国司法或者执法机构提供存储于中华人民共和国境内的个人信息。"

12. Any violation of relevant Chinese legal requirements will be subject to the following possible punishment:

违反相关中国法律规定可能面临下列违规处罚风险：

13. Article 66 of PIPL: "In the event that personal information is processed in violation of the provisions of this Law, or that personal information is processed without performing the obligation of protecting personal information as stipulated in this Law, the authorities performing duties of personal information protection shall order the party concerned to make corrections, give a warning to it and confiscate its illegal gains. Any application that illegally processes personal information shall be ordered to suspend or terminate the provision of services; if it refuses to make corrections, a fine of not more than 1 million yuan shall be imposed on it concurrently; and a fine of not less than 10,000 yuan but not more than 100,000 yuan shall be imposed on the person directly in charge and other directly liable persons. For any illegal act specified in the preceding paragraph with serious circumstances, the authorities performing duties of personal information protection at or above the provincial level shall order the party concerned to make corrections, confiscate its illegal gains, and impose a fine of not more than 50 million yuan or not more than 5% of its turnover of the previous year on it, and may also order it to suspend relevant business or suspend business for rectification, and inform the relevant competent authorities to revoke the relevant business permit or business license; a fine of not less than 100,000 yuan but not more than 1 million yuan shall be imposed on the person directly in charge and other directly liable persons, and a decision may be made to prohibit the said persons from acting as directors, supervisors, senior executives and persons-in-charge of personal information protection of relevant enterprises within a certain period of time."

《个保法》第 66 条："违反本法规定处理个人信息，或者处理个人信息未履行本法规定的个人信息保护义务的，由履行个人信息保护职责的部门责令改正，给予警告，没收违法所得，对违法处理个人信息的应用程序，责令暂停或者终止提供服务；拒不改正的，并处一百万元以下罚款；对直接负责的主管人员和其他直接责任人员处一万元以上十万元以下罚款。有前款规定的违法行为，情节严重的，由省级以上履行个人信息保护职责的部门责令改正，没收违法所得，并处五千万元以下或者上一年度营业额百分之五以下罚款，并可以责令暂停相关业务或者停业整顿、通报有关主管部门吊销相关业务许可或者吊销营业执照；对直接负责的主管人员和其他直接责任人员处十万元以上一百万元以下罚款，并可以决定禁止其在一定期限内担任相关企业的董事、监事、高级管理人员和个人信息保护负责人。"

14.    Article 71 of PIPL provides: "Where any violation of the provisions hereof constitutes a violation of public security administration, a public security administrative punishment shall be imposed in accordance with the law; and if a crime is constituted, criminal liability shall be investigated in accordance with the law."

《个保法》第 71 条："违反本法规定，构成违反治安管理行为的，依法给予治安管理处罚；构成犯罪的，依法追究刑事责任。"

### 3.    Cross-Border Transmission of Employees' Data 跨境提供数据

(1)    Approval of Competent Authority 主管机关批准

15.    According to the relevant laws in China, the information processor has the obligation to obtain approval of competent authority in respect of provision of data and personal information stored within territory of China to foreign judicial or law enforcement authorities.

根据中国相关法律，信息处理者将在中国境内存储的数据提供给外国司法或执法机关应该取得相关主管机关的批准：

16.    Article 36 of DSL provides: "The competent authorities of the People's Republic of China shall, in accordance with the relevant laws and the international treaties and agreements

concluded or acceded to by the People's Republic of China or on the principle of equality and mutual benefit, handle the requests made by foreign judicial or law enforcement authorities for the provision of data. No organization or individual within the territory of the People's Republic of China may provide foreign judicial or law enforcement authorities with the data stored within the territory of the People's Republic of China without the approval of the competent authorities of the People's Republic of China."

《数据安全法》第36条：“中华人民共和国主管机关根据有关法律和中华人民共和国缔结或参加的国际条约、协定或按照平等互惠原则处理外国司法或执法机构关于提供数据的请求。非经中华人民共和国主管机关批准境内的组织、个人不得向外国司法或执法机构提供存储于中华人民共和国境内的数据。”

17.     Any violation of relevant Chinese legal requirements will be subject to the following possible punishment:

违反相关中国法律规定可能面临下列违规处罚风险：

Article 48 of DSL: "Whoever, in violation of Article 36 hereof, provides data to a foreign judicial or law enforcement agency without the approval of the competent authority will be given a warning by the relevant competent authority, and may be concurrently fined not less than 100,000 yuan but not more than 1 million yuan, and the person directly in charge and other directly liable persons may be fined not less than 10,000 yuan but not more than 100,000 yuan; if serious consequences are caused, a fine of not less than 1 million yuan but not more than 5 million yuan will be imposed, and the organization may be ordered to suspend the relevant business, suspend the operation for rectification, or its relevant business permit or business license will be revoked, and the person directly in charge and other directly liable persons will be fined not less than 50,000 yuan but not more than 500,000 yuan."

《数据安全法》第48条：“违反本法第三十六条规定，未经主管机关批准向外国司法或执法机构提供数据的，由有关主管给予警告，可以并处十万元以上一百万元以下罚

款，对直接负责的主管人员和其他直接责任人员可以处一万元以上十万元以下罚款；造成
严后果的，处一百万元以上五百万元以下罚款并可以责令暂停相关业务、停业整顿、吊销
相关业务许可证或者吊销营业执照，对直接负责的主管人员和其他直接责任人员处五万元
以上五十万元以下罚款。"

### III.    Analysis of Applicable Chinese Laws 中国法分析

18.    I understand that the Court only ordered these computers to be inspected by Plaintiff's counsel and retained experts, no relevant employee's personal information or data stored within China as stipulated by applicable law will be provided in any way to the U.S. judicial or law enforcement authorities.

本人理解，法院仅命令该等计算机交付给原告的律师和聘请的专家予以检查，而不会将适用法律规定的相关存储在中国境内的员工个人信息和数据以任何方式提供给美国司法或执法机构。

19.    Otherwise, Article 36 of DSL and/or Article 41 of PIPL will be applicable, and relevant approval of competent Chinese authority is required.

否则，《数据安全法》第36条和/或《个保法》第41条应予适用，即需取得中华人民共和国主管机关的批准。

20.    The Court's order for Syntronic Beijing to deliver the 24 computers to the United States constitutes cross-border transmission of employees' personal information and/or data, and therefore Syntronic Beijing, as the data processor, is subject to applicable Chinese legal compliance requirements.

法院要求新拓尼克北京向美国交付24台计算机的命令构成员工个人信息和/或数据的跨境传输，因此作为数据处理方，新拓尼克北京应遵守适用的中国法律的合规要求。

21.    Because these computers contain or may contain personal information, cross-border transmission of these computers requires Syntronic Beijing to obtain separate consent

from the affected employees, pursuant to Article 39 of the PIPL. Before shipping these computers to the United States, Syntronic Beijing must disclose to the current or former users of these computers: (1) what type personal information is provided overseas, to the extent such computer contains personal information under the Chinese PIPL; (2) who the recipients are; (3) what is the purpose of such disclosure; and (4) the individual's rights under the Chinese law.  Syntronic Beijing must then obtain each affected individual's separate consent.

由于该等计算机包含或可能包含个人信息，根据《个保法》第 39 条的规定，对该等计算机进行跨境传输需取得相关员工的单独同意。在将该等计算机运往美国之前，新拓尼克北京必须向该等计算机目前或曾经的用户披露：（1）跨境传输该等计算机包含中国《个保法》下的个人信息的类型；（2）接收方；（3）披露个人信息的目的；及（4）中国法下的个人权利。新拓尼克北京必须取得每一位受影响员工个人的单独同意。

22.     I understand that Syntronic Beijing sent the affected former or current employees a Consent Form in compliance with PIPL, to the extent Syntronic Beijing was able to locate them. I reviewed the Consent Form and understand that Syntronic Beijing did not obtain the rerequisite consent from any affected individual.  *See* Xueming Chen Decl. Ex. A, ¶¶ 16-19.

我了解新拓尼克北京在中国法合规要求下，发送给其能联系到的相关员工同意书。我审阅同意书后了解新拓尼克北京未能得到相关员工的单独同意。参见陈雪明声明附件 A，第 16-19 段。

23.     Therefore, shipping the 24 computers without the affected individuals' consent would violate Article 39 of PIPL and subject Syntronic Beijing to punishment and enforcement actions in China under Article 66 of PIPL.

因此，未取得相关员工的单独同意而对该等计算机进行跨境传输将违反《个保法》第 39 条的规定并有可能造成中国相关政府机关根据《个保法》第 66 条对新拓尼克北京的惩罚和追究。

24.     PIPL is a new law that came into effect in November 2021 but as far as I know, the Chinese law enforcement agencies have had several enforcement actions against several companies for violation of PIPL.  I attach a list of examples in Exhibit B showing recent enforcement actions due to violation PIPL.

《个保法》是一部 2021 年 11 月才实行的新法律，但是据我所知，中国执法机关已经对数家企业因违反《个保法》进行行政处罚。我在附件 B 中列出一些违反《个保法》导致行政处罚相关案例。

I declare under penalty of perjury that the foregoing is true and correct.

我声明上述内容真实无误。若有不实则受伪证罪处罚。

Executed on April 29, 2022 in Beijing, China.

声明于 2022 年 4 月 29 日，于中国北京签署。

Dandan Liu

声明人：刘丹丹

DECL OF C. LIU RE MOTION FOR
RECONSIDERATION
CASE NO. 3:21-cv-03610-SI (JCS)

April 29, 2022

## <u>CERTIFICATE OF TRANSLATION</u>

I, Minglu Xu, am competent to translate from Simplified Chinese to English, and hereby certify that the translation of the document "**DECLARATION OF DANDAN "CATHERINE" LIU IN SUPPORT OF SYNTRONIC BEIJING'S MOTION FOR RECONSIDERATION OF APRIL 15, 2022 ORDER (ECF NO. 117)**" is true and accurate to the best of my abilities.

徐郑祚  2022.04.29

Signature of Translator


Minglu Xu

Name of Translator


9/F, Taikang Financial Tower

No.38 North Dongsanhuan Road, Beijing, China

Address of Translator


(+86)(10) 6589 0739

Telephone Number of Translator

-12-

# EXHIBIT A

**Dandan LIU / Partner of Grandall Law Firm (Beijing)**
刘丹丹/合伙人，国浩律师（北京）事务所

**Practice Areas：**
业务领域：
**Data and Privacy Compliance, M&A, International Dispute resolution**
数据隐私合规、并购、涉外争议解决

**Data and Privacy Compliance Experiences:**
数据和隐私合规领域经验：
- Provided data & privacy compliance service for Gilbarco Veeder-Root (US) China;
  为美国吉尔巴克-维德路特（GVR）中国公司提供数据隐私合规服务；
- Provided data & privacy compliance service for Donnelly Financial Solutions (US) China;
  为美国当纳利金融服务集团中国公司提供数据隐私合规服务；
- Provide data & privacy compliance service for KWS China;
  为 KWS 中国公司提供数据隐私合规服务；
  Provide data & privacy compliance service for Remko China;
  为北京睿科星公司提供数据隐私合规服务；
- Provided data & privacy compliance service for Cactus China;
  为开科思中国提供数据隐私合规服务；
- Provided data compliance service for Scania China;
  为斯堪尼亚中国提供数据合规服务；
- Provided legal service for data processing agreement between a subsidiary of SINOPHARM and subsidiary of a leading German Company.
  为国药控股下属企业与一家德国跨国企业中国公司的数据处理协议提供法律服务。

**M&A, Investment experience:**
跨境投资、并购项目主要业绩：
- Represented Beijing Energy Group in its due diligence of Ningxia New Energy Asset Package project;
  为北京能源集团宁夏新能源业务板块资产包尽职调查项目提供法律服务；
- Represented Beijing Energy Group in its acquisition of Hubei Regional Photovoltaic and Wind Power Projects;
  为北京能源集团湖北区域光伏、风电并购项目提供法律服务；
- Represented a German company Schlegel in its acquisition of a subsidiary of an Italian company in China;
  为德国 Schlegel 公司并购意大利 Gissess 公司中国公司项目提供法律服务；
- Represented a German leading seed company KWS SAAT SE & Co. KGaA and Beidahuang Kenfeng Seed Industry Co., Ltd in its establishment of joint venture in China;
  为德国 KWS SAAT SE&CO.KGaA 与北大荒垦丰种业股份有限公司在华

设立合资公司项目提供法律服务；
- Represented China Agricultural Industry Development Fund/Cinda Capital in its Investment of Qianyuanhao Biological Co., Ltd;
  为中国农业产业发展基金战略投资乾元浩生物股份有限公司项目提供法律服务；
- Represented China Agricultural Reclamation Industry Development Fund in its investment projects of several agricultural science and technology enterprises;
  为中国农垦产业发展基金投资若干农业科技企业投资项目提供法律服务；
- Represented Hanli Capital in its investment of Beijing Hot Cloud Technology Co., Ltd.;
  为汉理资本投资北京热云科技有限公司项目提供法律服务；
- Represented Beidahuang (Shanghai) International Trade Co., Ltd in its capital increase project.
  为北大荒（上海）国际贸易有限公司增资扩股项目提供法律服务。

**Construction & International dispute Experience:**
建设工程、涉外争议解决经验：
- Provided legal service for the EPCM project of Scania Production in China;
  为斯堪尼亚制造中国 EPCM 项目提供服务；
- Provided legal service for the subcontractor agreements disputes between subsidiary of China Petroleum and several international contractors;
  为中石油下属企业和若干国际工程承包商之间的工程分包合同纠纷事宜提供法律服务；
- Provided legal service for Feihe (Canada) Infant Formula Milk Power Production Project;
  为飞鹤（加拿大）奶粉生产线成套设备采购项目提供法律服务；
- Provided legal advice for the ship-loader project under the Engineering and Construction Contract between subsidiary of CNBM and a South African company;
  为中建材下属企业与一家南非企业之间的工程施工合同项下的装船机项目合同纠纷事宜提供法律服务；
- Represented Productos Agrovin, Sociedad Anonima in the case of International Sale of Goods Contract disputes between Productos Agrovin, Sociedad Anonima and China Far East International Trading Corporation Luntai County Lv Yuan Agriculture and Forestry Develpoment Co., Ltd. in the China International Economic and Trade Arbitration Commission;
  代表申请人 Productos Agrovin, Sociedad Anonima 参加与中国远东国际贸易总公司、轮台县绿源农林开发有限责任公司在中国国际经济贸易仲裁委员会香港分会的国际货物买卖合同纠纷案。


**Notable Clients:**
服务过的客户包括：
Gilbarco Veeder-Root (US) China, Donnelly Financial Solutions (US) China, **Scania**

(Sweden) China, KWS (Germany) China, Joint Venture of KWS and Beidahuang Kenfeng, Burton Snowboards (US) China,, Joint Venture of Gulfstream (US) and Hainan Airline (China), Mylan Pharmaceuticals (India), Schlegel (Germany), Cactus (India) China, SINOPEC, CNPC, CNBM Overseas Economic Cooperation Co., Ltd. etc.

美国吉尔巴克-维德路特（GVR）中国公司、美国当纳利中国公司、瑞典 Scania 中国公司、德国 KWS 公司中国公司、KWS 与垦丰种业合资公司、美国 Burton 中国公司、美国 Gulfstream 与海航中国合资公司、Schlegel（德国）、迈兰制药公司（印度）、开科思（印度）中国等。

**Education:**

**教育背景：**

- LL.M in International Business and Economic Law, Georgetown University Law Center
  毕业于美国乔治城大学法学院，获得国际商法与经济法学硕士学位（LL.M）
- LL.M in International Law, East China University of Political Science and Law
  毕业于华东政法大学，获得国际法学硕士学位
- B.A in Law, China University of Mining and Technology
  毕业于中国矿业大学，获得法学学士学位

# EXHIBIT B

# Cases Related to Administrative Penalties Arising from

# Violation of the *Personal Information Protection Law of PRC*

# 违反《个人信息保护法》产生的行政处罚相关案例

1.  Shenzhen Zhichen Network Technology Co., Ltd.
    深圳志辰网络科技有限公司

| | |
|---|---|
| Name of the Administrative Counterpart:<br>行政相对人名称: | Shenzhen Zhichen Network Technology Co., Ltd.<br>深圳志辰网络科技有限公司 |
| Date of penalty decision:<br>处罚决定日期: | 2022-02-25 |
| Penalty authority:<br>处罚机关: | Luohu Branch of the Shenzhen Public Security Bureau<br>深圳市公安局罗湖分局 |
| Document number of the administrative penalty decision:<br>行政处罚决定书文号: | 深罗公（黄贝）行罚决字〔2022〕33280 号 |
| Causes of penalty:<br>处罚事由: | The APP of Shenzhen Zhichen Network Technology Co., Ltd. (unified social credit code: 91440300MA5GA48L92) has potential safety hazards as follows: 1. Users cannot review the privacy policy after logging into the account, violating the principle of convenient access. 2. The purpose, method and scope of collection and use of personal information by the third party SDK integrated with the App are not listed one by one in the public text such as the privacy policy, which violates Article 22 and Article 41 of the *Cybersecurity Law of the PRC,* Article 7 and Article 17 of the *Personal Information Protection Law of the PRC* and other relevant provisions.<br>深圳志辰网络科技有限公司（统一社会信用代码 91440300MA5GA48L92）的 APP 存在隐患：1、用户登录账号后无法查阅隐私政策，违反便于查阅原则。2、未在隐私政策等公示文本中逐一列明 APP 所集成第三方 SDK 收集使用个人信息的目的、方式和范围，违反《中华人民共和国网络安全法》第二十二条、第四十一条和《中华人民共和国个人信息保护法》第七条、第十七条等相关规定。 |
| Legal basis:<br>法律依据: | Article 64 of the *Cybersecurity Law of the PRC* and Article 66 of the |

| 处罚依据： | *Personal Information Protection Law of the PRC.*<br>根据《中华人民共和国网络安全法》第六十四条和《中华人民共和国个人信息保护法》第六十六条之规定。 |
|---|---|
| Penalty:<br>处罚结果： | It was decided to give Shenzhen Zhichen Network Technology Co., Ltd. an administrative penalty of warning, and ordered to make corrections within a time limit.<br>决定给予深圳志辰网络科技有限公司警告的行政处罚，并责令限期改正。 |

2. Shenzhen Digital Capital Management Co., Ltd.
   深圳市数字资本管理有限公司

| Name of the Administrative Counterpart:<br>行政相对人名称： | Shenzhen Digital Capital Management Co., Ltd.<br>深圳市数字资本管理有限公司 |
|---|---|
| Date of penalty decision:<br>处罚决定日期： | 2022-02-19 |
| Penalty authority:<br>处罚机关： | Baoan Branch of the Shenzhen Public Security Bureau<br>深圳市公安局宝安分局 |
| Document number of the administrative penalty decision:<br>行政处罚决定书文号： | 深宝公（共乐）行罚决字〔2022〕34378 号 |
| Causes of penalty:<br>处罚事由： | The application "Fenfu Bao" is owned by Shenzhen Digital Capital Management Co., Ltd.: 1. collection and use of personal information without the consent of users; and 2. has potential cyber security risks and loopholes.<br>深圳市数字资本管理有限公司旗下应用"分付宝"存在 1.未经用户同意收集使用个人信息；2.网络安全隐患风险漏洞。 |
| Legal basis:<br>处罚依据： | Article 60 and Article 64 of the *Cybersecurity Law of the PRC* and Article 66 of the *Personal Information Protection Law of the PRC.*<br>根据《中华人民共和国网络安全法》第六十条、第六十四条以及《中华人民共和国个人信息保护法》第六十六条之规定。 |
| Penalty:<br>处罚结果： | It was decided to give Shenzhen Digital Capital Management Co., Ltd. an administrative penalty of warning.<br>决定给予深圳市数字资本管理有限公司警告的行政处罚。 |

3.   Shenzhen New Rand Securities Investment Consulting Co., Ltd.
   深圳市新兰德证券投资咨询有限公司

| | |
|---|---|
| Name of the Administrative Counterpart:<br>行政相对人名称： | Shenzhen New Rand Securities Investment Consulting Co., Ltd.<br>深圳市新兰德证券投资咨询有限公司 |
| Date of penalty decision:<br>处罚决定日期： | 2022-03-10 |
| Penalty authority:<br>处罚机关： | Futian Branch of the Shenzhen Public Security Bureau<br>深圳市公安局福田分局 |
| Document number of the administrative penalty decision:<br>行政处罚决定书文号： | 深福公（福田）行罚决字〔2022〕33576 号 |
| Causes of penalty:<br>处罚事由： | At about 4: 00 PM on February 17, 2022, the Cyber Police Brigade of the Guangdong Provincial Office reported that the application "Yingli Bao" under the "Shenzhen New Rand Securities Investment Consulting Co., Ltd." had the following violations: 1. The purpose, method and the scope of the collection and use of personal information by the third party SDK integrated with the App are not listed one by one in the public text such as the privacy policy. 2. The App begins to collect personal information such as MAC address, androidID and application list information the first it launches without the user's consent to the privacy policy. 3. There are vulnerabilities in the Janus signature mechanism. It violates Article 22 or Article 41 of the *Cybersecurity Law of the PRC*, Article 7 of the *Personal Information Protection Law of the PRC*.<br>2022 年 2 月 17 日 16 时许，省厅网警总队通报"深圳市新兰德证券投资咨询有限公司"旗下应用"盈利宝"存在以下违规行为:1.未在隐私政策等公示文本中逐一列明 App 所集成第三方 SDK 收集使用个人信息的目的、方式和范围。2.App 首次运行未经用户阅读同意隐私政策，就开始收集个人信息 MAC 地址、androidID 和应用列表信息。3.存在 Janus 签名机制漏洞。违反《中华人民共和国网络安全法》第二十二条、第四十一条和《中华人民共和国个人信息保护法》第七条之规定。 |
| Legal basis:<br>处罚依据： | In accordance with Paragraph 1 of Article 64 of the *Cybersecurity Law of the PRC*, it was decided to give the network operators of Shenzhen New Rand Securities Investment Consulting Co., Ltd. an administrative penalty of warning and ordered to make corrections for infringing personal information.<br>根据《中华人民共和国网络安全法》第六十四条第一款之规定，以 |

3

<table>
<tr><td></td><td>深圳市新兰德证券投资咨询有限公司网络运营者侵害个人信息给予其警告的行政处罚，并责令改正。<br><br>In accordance with Paragraph 3 of Article 22, Article 41 to Article 43 and Paragraph 1 of Article 64 of the <i>Cybersecurity Law of the PRC</i>, the network operators and network products or service providers of Shenzhen New Rand Securities Investment Consulting Co., Ltd. failed to perform the obligations of protecting personal information and shall be given an administrative penalty of warnings, and ordered to make corrections.<br><br>根据《中华人民共和国网络安全法》第二十二条第三款、第四十一条至第四十三条和第六十四条第一款之规定，以深圳市新兰德证券投资咨询有限公司网络运营者、网络产品或者服务提供者不履行个人信息保护义务给予其警告的行政处罚，并责令改正。<br><br>According to the first paragraph of Article 161 of the <i>Provisions on the Procedures for Handling Administrative Cases by Public Security Organs</i>, the two administrative penalties shall be jointly imposed.<br><br>根据《公安机关办理行政案件程序规定》第一百六十一条第一款之规定，二项行政处罚合并执行</td></tr>
<tr><td>Penalty:<br>处罚结果：</td><td>It was decided to give Shenzhen New Rand Securities Investment Consulting Co., Ltd. an administrative penalty of warning, and ordered to make corrections.<br>决定给予警告的处罚，并责令改正。</td></tr>
</table>

4.  Shenzhen Runqian Technology Co., Ltd.
    深圳市润谦科技有限公司

| | |
|---|---|
| Administrative relative name:<br>行政相对人名称： | Shenzhen Runqian Technology Co., Ltd.<br>深圳市润谦科技有限公司 |
| Date of the penalty decision:<br>处罚决定日期： | 2022-02-26 |
| Penalty authority:<br>处罚机关： | Futian Branch, Shenzhen Municipal Public Security Bureau<br>深圳市公安局福田分局 |
| Reference number of an administrative penalty decision:<br>行政处罚决定书文号： | 深福公（天安）行罚决字〔2022〕33529 号 |
| Causes of penalty:<br>处罚事由： | The Internet Police Detachment of the Shenzhen Municipal Public Security Bureau found that the APP "Look Twice Together" of Shenzhen Runqian Technology Co., Ltd. collected and used personal information without the consent of users, which has potential security hazards, |

| | |
|---|---|
| | violating Article 22 and Article 41 of the *Cybersecurity Law of the PRC*. and Article 7 and Article 13 of the *Personal Information Protection Law of the PRC* and other relevant provisions.<br>深圳市公安局网警支队在工作中发现（深圳市润谦科技有限公司），旗下一款 APP 的游戏"一起连连看"存在未经过用户同意收集使用个人信息，存在安全用隐患，违反《中华人民共和国网络安全法》第二十二条、四十一条和《中华人民共和国个人信息保护法》第七条、十三条等相关规定。 |
| Legal basis:<br>处罚依据： | Article 22 and Article 64 of the *Cybersecurity Law of the PRC*.<br>根据《中华人民共和国网络安全法》第二十二条、第六十四条之规定。 |
| Penalty:<br>处罚结果： | It was decided to give Shenzhen Runqian Technology Co., Ltd. an administrative penalty of warning, and ordered to make corrections.<br>决定给予深圳市润谦科技有限公司警告的行政处罚，并责令改正。 |

5.  Shenzhen Chen Rui Culture Communication Co., Ltd.
    深圳市辰瑞文化传播有限公司

| | |
|---|---|
| Name of the Administrative Relative：<br>行政相对人名称： | Shenzhen Chen Rui Culture Communication Co., Ltd.<br>深圳市辰瑞文化传播有限公司 |
| Date of the penalty decision:<br>处罚决定日期： | 2022-04-07 |
| Penalty authority:<br>处罚机关： | Futian Branch of the Shenzhen Municipal Public Security Bureau<br>深圳市公安局福田分局 |
| Reference number of an administrative penalty decision:<br>行政处罚决定书文号： | 深福公（天安）行罚决字〔2022〕33751 号 |
| Causes of penalty:<br>处罚事由： | On March 28, 2022, through technical analysis, the Provincial Network Police Corps found that the APP "Huayu" of Shenzhen Chenrui Cultural Communication Co., Ltd. had constituted the following violations: The App collected personal information, MAC address, IMEI, Android ID, and app list information without users' agreement to the privacy policy, which has constituted the illegally obtaining, selling or providing personal information to others in relevant provision.<br>2022 年 3 月 28 日，省厅网警总队线索通报，发现"深圳市辰瑞文化传播有限公司"旗下应用"花遇"，技术检测分析"花遇"应用存在以下违规行为: App 首次运行未经用户阅读同意隐私政策，就 |

| | |
|---|---|
| | 开始收集个人信息、MAC 地址、IMEI、AndroidID 和应用列表信息。你单位的行为已构成非法获取、出售、向他人提供个人信息。 |
| Legal basis:<br>处罚依据： | Article 22, Article 41 and Article 64 of the *Cybersecurity Law of the PRC,* and Article 13 and Article 66 of the *Personal Information Protection Law of the PRC.*<br>根据《中华人民共和国网络安全法》第二十二条、第四十一条和第六十四条，《中华人民共和国个人信息保护法》第十三条、第六十六条之规定。 |
| Penalty:<br>处罚结果： | It was decided to give Shenzhen Chen Rui Culture Communication Co., Ltd. an administrative penalty of warning.<br>决定给予深圳市辰瑞文化传播有限公司警告的行政处罚。<br>According to the first paragraph of Article 161 of the *Provisions on the Procedures for the Handling of Administrative Cases by Public Security Organs*, the two administrative penalties prescribed in this Article shall be jointly implemented, and a warning shall be given.<br>根据《公安机关办理行政案件程序规定》第一百六十一条第一款之规定，二项行政处罚合并执行，决定给予警告的处罚。 |

6

April 29, 2022

## <u>CERTIFICATE OF TRANSLATION</u>

I, Minglu Xu, am competent to translate from Simplified Chinese to English, and hereby certify that the translation of the document "**Cases Related to Administrative Penalties Arising from Violation of the Personal Information Protection Law of PRC**" is true and accurate to the best of my abilities.

*徐鸣潞 2022.04.29*

Signature of Translator

Minglu Xu

Name of Translator

9/F, Taikang Financial Tower

No.38 North Dongsanhuan Road, Beijing, China

Address of Translator

(+86)(10) 6589 0739

Telephone Number of Translator