# RUTTENBERG IP LAW
A PROFESSIONAL CORPORATION

1801 Century Park East, Suite 1920, Los Angeles, CA 90067
Tel: (310) 627 2270 Fax: (310) 627 2260

---

July 21, 2022

Hon. Joseph C. Spero
United States District Court - Northern District of California
San Francisco Courthouse, Courtroom F - 15th Floor
450 Golden Gate Ave., San Francisco, CA 94102

**Re:** *Cadence Design Systems, Inc. v. Syntronic AB., et al.,* **Case No. 3:21-cv-3610-SI (JCS)**

Dear Chief Magistrate Judge Spero:

Plaintiff Cadence Design Systems, Inc. ("Cadence") respectfully submits this letter brief pursuant to Section 9 of the Court's Civil Standing Order. Plaintiff hereby moves for an order compelling Defendants to search for and produce documents responsive to the Requests for Production set forth below. The Defendants have declined to participate in what should have been a joint letter.

**Introduction**. Plaintiff reluctantly brings yet another discovery motion before this Court. More than a year into this litigation, the three Syntronic defendants combined have produced a total of 1,400 documents (or 4,932 pages). Much of that production is not even responsive to Plaintiff's requests[1] and it contains virtually no ESI. Indeed, Plaintiff has spent the better part of a year seeking basic, foundational discovery in this case from Defendants. Little to nothing has been produced without a Court order.

Regrettably, Plaintiff files this letter brief without the participation of Defendants. Despite seeking and extension and confirming that they would provide their portion of this letter by Monday or Tuesday of this week, Defendants failed to do so. They also failed to propose any other date for providing their portion of the letter.

This failure to cooperate in the letter brief comes in the context of significant delay by Defendants. The discovery requests set forth below were served in July and December 2021, and Plaintiff has tried to seek Defendants' compliance for months. These efforts culminated in another lead counsel meet-and-confer on June 1, which yielded several promises from Defendants. But weeks later, Defendants failed to follow through on these promises. Plaintiff followed up via email on June 17, but Defendants failed to provide any substantive response. After weeks of radio silence, Plaintiff sent Defendants a draft of this letter on July 12. Defendants finally responded on July 14, but even then still could not provide substantive responses, largely claiming to be still "investigating" the issues discussed a month and a half prior (and a year after many of the requests

---

[1] For example, after receiving a draft of this letter, Defendants purported to supplement their production by producing strange, non-responsive documents, including a picture of a pen (Ex. A), blank pages with the Syntronic logo (Ex. B), a picture of a Syntronic jacket (Ex. C), and a number of other non-responsive, irrelevant "documents."

1

were served). (Ex. D at 2). In other instances (*e.g.*, RFP 55) Defendants have confirmed that the parties reached an impasse, but Defendants still did not provide their portion of the letter brief addressing those issues, either. (*Id.*) The Court should not countenance Defendants' delay tactics and order swift compliance with Plaintiff's documents requests set forth below.

**Defendants Should Be Compelled to Produce Documents**. Plaintiff has served three sets of RFPs on Defendants: Set One (7/23/21; Nos. 1-58); Set Two (11/30/21; Nos. 58-72); Set Three (12/14/21; Nos. 73-102). The majority of the RFPs discussed below are from Plaintiff's first set of RFPs served a year ago. Defendants' objections should be overruled.

RFP No. 55. This request seeks documents sufficient to show any document/litigation holds implemented by Defendants as a result of this litigation or Cadence's threat of litigation. (Ex. E at 7). Defendants objected to this request on the basis that it seeks "privileged information or documents" (Ex. F at 53-54) and they have now identified four relevant communications on their privilege log, dating from July 15, 2021 to August 3, 2021. (Ex. G at 1-2 (logged as PRIV_SYN_0000001-9)). These communications purport to be between Syntronic's outside counsel (K&L Gates and Burks Johansson) and Björn Östlund (President of Syntronic US) and Mikael Åhlén (Senior Vice President Operational Management at "Syntronic"). (*Id.*)

Defendants' privilege objection should be overruled because they have been actively spoliating evidence, and they should ordered to produce all litigation-hold documents. To obtain a litigation hold document in the face of a privilege objection, a party need only make a "preliminary showing" of evidence spoliation. *Al Otro Lado, Inc. v. Wolf*, No. 317CV02366BASKSC, 2020 WL 4432026, at *2 (S.D. Cal. July 31, 2020). That is, "[e]ven if particular litigation hold communications are privileged, the court has an inherent power to order their production in connection with a spoliation claim." *City of Colton v. Am. Promotional Events, Inc.*, No. CV0906630PSGSSX, 2011 WL 13223880, at *2 (C.D. Cal. Nov. 22, 2011) (ordering production of litigation hold communications where party failed to issue timely litigation hold letters). "Discovery of litigation hold letters is not itself necessarily a sanction, but may be, as here, an initial step that allows a party to investigate and possibly prove spoliation, so that the court may determine whether sanctions are warranted." *Id.* at *5.

Here, Defendants' evidence destruction is pervasive, well-documented and largely undisputed. (*See* Dkt. No. 109 at 1-2). Indeed, Defendants have admitted in sworn interrogatory responses that they have "disposed" of highly relevant computers[2] in January of this year ***after*** Plaintiff identified these computers in pre-litigation correspondence in April 2020, ***after*** Plaintiff filed suit, ***after*** Plaintiff requested an inspection of these computers, and ***after*** Plaintiff moved to compel Defendants to provide information on these machines. (Dkt. No. 109-4 at 4-6). Just to give one example, Cadence identified a computer with hostname C160307 in a pre-litigation notice to Syntronic on April 20, 2020, which was forwarded to Syntronic Beijing's representatives in early May 2020. Cadence filed suit on May 13, 2021 and Cadence requested an inspection of the same computer on August 11, 2021. (Ex. H). In October 2021, Defendants claimed this computer was "no longer within [their] possession, custody, or control" (Dkt. No. 156 at 7) but then later admitted that it was "disposed" of months later on January 24, 2022 (Dkt. No. 109-4 at 5).[3] The

---

[2] The relevant computers all "phoned home" as using pirated versions of Cadence Software.
[3] Further complicating matters, Defendants served this evidence destruction with a side of false, sworn interrogatory responses—*e.g.*, claiming that all employees who used these computers left

2

other computers were destroyed under similar circumstances—indeed, all were "cycled out" or "reformatted" after Plaintiff's February and April 2020 notices. These "reformatted" computers are likely to contain further evidence of spoliation, but Defendants have ***still*** not made them available for inspection, despite multiple orders to do so.[4] Defendants should be ordered to produce all document/litigation holds (including without limitation the four communications from their privilege log) forthwith.

RFP Nos. 12, 15-16, 26-28, 36, 67, 97-98. These requests seek a number of highly relevant documents pertaining to, *inter alia*, personal jurisdiction, Defendants' corporate relationship, and Defendants' investigation into their use of pirated software.[5] Although Defendants originally objected to these RFPs, in the parties' meet-and-confer discussions, Defendants ***agreed*** to produce documents responsive to each request. (*see* Ex. D at 8-9). But a month and a half later they (i) have refused to confirm they have completed doing so, and (ii) failed to supplement their RFP responses to indicate whether (and where) responsive documents have been produced per Paragraph 11 of the Court's Civil Standing Orders.

After Plaintiff sent a draft of this letter, Defendants Syntronic AB and Syntronic US purported to supplement their responses to some but not all of these responses. (*See* Ex. F). Defendant Syntronic Beijing, on the other hand, has not supplemented any RFP responses or otherwise confirmed their compliance in writing. Defendants should be ordered to produce all documents responsive to these RFPs within two weeks and supplement their responses within a week of doing so to indicate what they have produced.

RFP Nos. 18-20. These requests seek documents sufficient to show who has signed contracts or binding obligations on behalf of Defendants. (Ex. E at 3). This is a highly relevant inquiry as Defendants have argued that their employees who consented to personal jurisdiction when installing pirated Cadence Software lacked authority to bind their corporate employers, *i.e.*, Defendants. The parties conferred regarding these requests on June 1, 2022 and ***Defendants*** proposed producing all software licenses as the first step in this process. But they still haven't complied with their own promise.

After Plaintiff sent a draft of this letter, Syntronic AB and Syntronic US claimed they would produce software licenses by August 12, 2022 (more than a year after Plaintiff served this RFP). Defendant Syntronic Beijing, however, has refused to similarly confirm they will do so, nor has Syntronic AB agreed to do so for its wholly owned subsidiary, Syntronic Beijing. Defendants should be ordered to produce responsive license agreements forthwith.

---

the company (about 20 are actually still there), and claiming that all implicated computers were "cycled out" of use before February 2020.

[4] This Court's second deadline for Defendants to provide the "reformatted" computers for inspection was last Friday, July 15, 2022. (Dkt. No. 160). Defendants have now filed a Rule 72 objection to the Court's Order and asked Judge Illston to stay Your Honor's ruling until the objection is resolved. However, Defendants noticed their motion to stay for August 12 and are now in non-compliance with Your Honor's Order.

[5] Many of these requests seek documents that were describe in declarations submitted by Defendant' executives claiming they (i) performed an investigation into Cadence's claims, and (ii) found no evidence of use of pirated software. (*See generally* Dkt. No. 33-35).

RFP Nos. 73-74. These requests seek documents and communications regarding Defendants' installation and use of Cadence Software. RFP No. 74 sets forth a specific set of unique search terms to conduct this search. To address Defendants' objections regarding scope, Plaintiff proposed limiting the search to custodians of the computers Cadence has identified through its phone-home system. Counsel for Syntronic AB and US *agreed* to this proposal, whereas counsel for Syntronic Beijing has refused to provide a response. During the parties' June 1, 2022 meet-and-confer, counsel for Syntronic Beijing asked for a few days to consider the request. A month and a half later, Syntronic Beijing claims they are still "investigating" this issue and no responsive communications have been produced. Defendants should be ordered to produce responsive documents forthwith.

Respectfully submitted,

*/s/ Guy Ruttenberg*

Guy Ruttenberg
Ruttenberg IP Law, A Professional Corporation