UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br> Plaintiff, <br> v. <br> SYNTRONIC AB, et al., <br> Defendants. | Case No. 21-cv-03610-SI <br><br> **ORDER DENYING STAY AND CONCONCURRING WITH MAGISTRATE JUDGE SPERO'S PRIOR ORDERS** <br><br> Re: Dkt. Nos. 166, 167 |

On August 12, 2022, the parties presented oral argument on defendants' (1) motion to stay and (2) motion for relief from a non-dispositive order under Local Rule 72-2. Dkt. Nos. 166 and 167. Both of defendants' motions ultimately seek to avoid Judge Spero's previous orders (Dkt. Nos. 117 and 127), ordering defendants to produce various computers currently located in China, with information going to the heart the issues in the instant action, by shipping the computers to the United States. Defendants' motions are DENIED.

**BACKGROUND**

Plaintiff Cadence makes and licenses software tools used to design integrated circuits and printed circuit boards. Dkt. No. 1 ¶¶ 84-85 (FAC). On May 13, 2021, Cadence filed this action for federal copyright infringement, circumvention of copyright protection systems, and breach of contract. Dkt. No. 1 (Original Complaint). Cadence accuses defendants Syntronic AB, Syntronic Research and Development USA Inc. ("Syntronic USA"), and Syntronic (Beijing) Technology R&D Center Co. ("Syntronic Beijing") (collectively, "Syntronic") of, among other things, obtaining, copying, and using Cadence's software tools without authorization or valid license files. Dkt. No. 26 ¶¶ 125-132 (FAC).

On August 11, 2021, after the parties' Rule 16 conference, Cadence served Defendants with a request to inspect the computers identified by Cadence's "phone-home" system as using pirated software. Dkt. No. 168-8. Initially, defendants claimed in sworn discovery responses that the requested computers were "no longer within [their] possession, custody, or control." Dkt. No. 156 at 7. After defendants failed to answer interrogatories seeking information about these computers, Cadence moved to compel. Dkt. No. 72. On January 24, 2022, Cadence's motion to compel was referred to Magistrate Judge Spero. Dkt. No. 81. On February 4, 2022, Judge Spero granted the motion to compel in full. Dkt. No. 86. But defendants failed to comply with Magistrate Judge Spero's February 4, 2022 Order, requiring further motion practice and a hearing on April 15, 2022. Dkt. Nos. 109, 117.

However, before the April 15, 2022 hearing, evidence spoliation came to light. Specifically, on March 21, 2022, defendants admitted in sworn interrogatory responses that they had been "recycling" and "reformatting" the computers Cadence asked to inspect. Dkt. No. 109-4 at 4. In these new disclosures, defendants admitted that they were "cycling out" computers after receiving notice of the lawsuit and even during the lawsuit. *Id*. Syntronic admitted it still had the 24 computers requested by Cadence, although all had been "reformatted." *Id*. at 6.

On April 15, 2022, Judge Spero ordered Defendants to produce these 24 computers for inspection in the United States by April 29, 2022. Dkt. No. 117. During the April 15, 2022 hearing, defendants argued Chinese law precluded shipment of the 24 computers to the United States, but could not identify the relevant law saying as much. Dkt. No. 123 at 13:22-14:14 (April 15, 2022 Hearing Transcript). Judge Spero rejected these "Chinese law" arguments and ordered production of the computers to the United States. *Id*. at 17:16-18:3 and 41:3-9.

However, defendants did not comply with Magistrate Judge's Order by the April 29, 2022 deadline. Defendants never sought a stay of the April 15 order, but on April 29, 2022, defendants requested leave to file a motion for reconsideration. Dkt. No. 127. For the first time, on April 29, 2022, Syntronic Beijing identified the Chinese law and provision allegedly precluding shipment of the computers to the United States: Article 39 of the Personal Information Protection Law ("PIPL"). Dkt. No. 127. Without staying his prior ruling, Magistrate Judge Spero allowed Syntronic Beijing

2

to file a motion for reconsideration. On June 24, 2022, Magistrate Judge Spero held oral argument on Syntronic Beijing's motion for reconsideration and subsequently issued a written ruling that same day, denying the motion. Dkt. No. 160 (June 24, 2022 Order). Magistrate Judge Spero held Syntronic Beijing had not diligently raised its PIPL objection. *Id*. at 5. Judge Spero also rejected Syntronic Beijing's substantive argument regarding the PIPL. *Id*. at 5-10. Judge Spero provided three weeks for Syntronic Beijing to ship the computers to the United States, per Syntronic Beijing's request. Dkt. No. 164 at 24:23-25:9 (June 24, 2022 Hearing Transcript). Again, Syntronic Beijing failed to comply. On July 8, 2022, Syntronic Beijing filed the instant motion and a Rule 72 objection challenging Judge Spero's June 24, 2022 Order. Dkt. Nos. 167 and 168. To date, defendants have not produced the 24 computers, violating both the April 15 and June 24, 2022 orders.

## LEGAL STANDARD

Under Rule 72, modifying Magistrate Judge Spero's April 15 and June 24, 2022 Orders requires a showing that they are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); see also *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court."). *Winns v. Exela Enter. Sols., Inc.*, No. 4:20-cv-06762-YGR, 2021 U.S. Dist. LEXIS 213840, at *1 (N.D. Cal. Nov. 4, 2021) . "This standard is extremely deferential and the magistrate's ruling should be considered the final decisions of the district court." *Wi-Lan, Inc. v. LG Elecs., Inc.*, No. C 10-80254-JF PSG, 2011 WL 841271, at *1 (N.D. Cal. Mar. 8, 2011) (*citing EEOC v. Lexus of Serramonte*, No. C 05–0962 SBA, 2006 WL 2619367, at *2 (N.D. Cal. Sept. 5, 2006). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *Id*.

## DISCUSSION

Syntronic Beijing is currently in violation of two orders from Magistrate Judge Spero ordering production of the computers at issue. Dkt. Nos. 117 and 160. During the August 12, 2022

1  hearing, defendants admitted: (1) the protected information on the computers they are concerned
2  about (personal information of current and former Syntronic Beijing employees) is not material to
3  the instant action and (2) while the instant action was pending, Syntronic Beijing reformatted at least
4  some of the computers in question meaning "the data has been kind of wiped." Dkt. No. 192 at 8:2-
5  6 and 15:2-16 (Transcript of August 12, 2022 Hearing).

Syntrontic Beijing has failed to demonstrate reasonable diligence regarding the PIPL precluding shipment of the computers to the United States. Dkt. No. 160 at 4-5[1] (June 24, 2022 Order). Further, the Court agrees with Judge Spero's analysis finding, even if the argument had been timely raised, the PIPL does not preclude shipment. Dkt. No. 160 at 5-10 (June 24, 2022 Order). Finally, the Court is concerned about spoliation of evidence given that Syntronic Beijing has confirmed computers with information central to the instant action have been reformatted while the instant action was pending. Defendants have failed to carry their heavy burden showing Judge Spero's orders are clearly erroneous – to the contrary, the Court agrees with Judge Spero's reasoning in full.

As such the Court orders:

(1) **The computers in question must be shipped to the United States on or before September 19, 2022**.
(2) The parties will hire an independent company to forensically review the computers and isolate any personal information irrelevant to the instant action. **The parties must select this company and inform the Court of their selection on or before September 19, 2022**.
(3) Once the personal information is isolated and removed, the parties should proceed with

---

[1] As Judge Spero eloquently noted: "Syntronic was unprepared to address the specifics of [the PIPL] or how it applied to this case—either to the Court at [the April 15, 2022 hearing], or in the parties' joint letter brief, or apparently in any previous communications with Cadence regarding the dispute. Accordingly, either Syntronic (but apparently not its U.S. counsel) did 'know such . . . law at the time of the interlocutory order' and simply failed to present it to the Court, or its lack of knowledge stemmed from a failure to 'exercise . . . reasonable diligence.' … The only possible new fact is the employees' decisions not to consent to the transfer of personal information, but Syntronic's failure to determine earlier whether its employees would consent to such transfer, at the same time it was vaguely asserting the PIPL as a defense to its discovery obligations, also represents a lack of reasonable diligence. Although the Court in an abundance of caution granted Syntronic leave to file its present motion for reconsideration … Syntronic's failure to meet the standard for reconsideration under Local Rule 7-9(b) is itself sufficient reason to deny this motion."

United States District Court
Northern District of California

review of the computers in the normal course of discovery.

**IT IS SO ORDERED**.

Dated: September 12, 2022

_____
SUSAN ILLSTON
United States District Judge